■ In the Matter of the Claim of JOYCE RUSHFORD et al., Respondents, v. PERINI CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. On September 20, 1961 intestate's motor vehicle was struck by a train of the Delaware and Hudson Railroad Corporation causing him to sustain severe injuries which resulted in his death about a week later. He left him surviving a widow and two dependent minor children. The former, as administratrix of his estate, filed claims with the Workmen's Compensation Board for disability benefits which culminated in awards apportioned equally against appellant employers. Concomitantly with a claim also filed for death benefits she, individually and as general guardian of the dependent children, gave notice of the commencement of a third-party action against the railroad corporation to recover damages for her husband's personal injuries and for his death allegedly sustained in consequence of its negligence. When the case appeared on the calendar of the Supreme Court for trial the parties to the action, subject to the approval of the Surrogate of Clinton County, agreed upon a settlement of the action in the total sum of $67,000. Thereafter the administratrix sought and obtained such approval in a proceeding in which the infants were represented by a special guardian appointed by the court upon whose recommendation $40,000 of the settlement were allocated to the personal injury action and the balance to the action for wrongful death. Upon receipt of the proceeds of the settlement the widow, individually and as administratrix executed and delivered a general release to the railroad corporation. Thereafter the action was discontinued on the merits by order of Trial Term. It is conceded that the settlement of the third-party action was made without the knowledge or consent of appellant carriers. Subsequent proceedings before the Referee in the death claim resulted in the denial of benefits upon a finding that the infant dependents (the widow having remarried) were barred from deficiency compensation by the settlement without consent of the third-party action for wrongful death. Holding that the act of the widow in compromising the third-party action did not affect the infants' rights to benefits the board upon review reversed the decision of the Referee. Following an award to each child the case was closed. Upon the grounds previously urged, the employers and carriers applied for a review of the Referee's decision which the board by order denied. These appeals followed. In *Matter of Meachem* v. *New York Cent. R. R. Co.* (7 A D 2d 253, revd. on other grounds 8 N Y 2d 293) we answered affirmatively the question whether under the language of section 29 of the Workmen's Compensation Law a settlement by an administratrix, authorized to bring a wrongful death action, barred the rights of all dependents, including infants, to deficiency compensation benefits. In this case of markedly similar fact pattern we perceive no reason to depart from the views there expressed. (See, also, *Duffy* v. *Fuller Co.*, 21 A D 2d 725.) In the light of our conclusion we do not reach the question of the power of the Surrogate to allocate the proceeds of the settlement in a manner designed to increase the liability of the carriers for the payment of deficiency compensation. Decision reversed and claims dismissed, with one bill of costs to appellants against the Workmen's Compensation Board and the appeal from its order dismissed as moot, without costs. Gibson, P. J., Reynolds and Hamm, JJ., concur.