■ MERCHANTS MUTUAL· INSURANCE COMPANY, Respondent, v GEORGE HOSCOE et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered August 11, 1977 in Albany County, which granted plaintiff's motion for partial summary judgment. Plaintiff is an insurance carrier that issued workers' compensation insurance to defendant Hoscoe's employer. Following an industrial accident, Hoscoe commenced a third-party action which was ultimately settled for $2,500. The plaintiff carrier commenced this action to recover sums advanced to Hoscoe for medical expenses and lost wages (Workers' Compensation Law, § 29). Defendants' answer, while admitting that plaintiff is entitled to a lien on the proceeds of the settlement of the third-party action, nevertheless contained a counterclaim asserting that Hoscoe's attorney is entitled to have his legal fees apportioned out of the same settlement proceeds. Plaintiff moved for summary judgment and to strike defendants' answer. Special Term, concluding that the plaintiff carrier was owed moneys out of the settlement of the third-party action, and, further, that the only dispute concerned the amount, granted partial summary judgment in plaintiff's favor and referred the question of damages to the Trial Term for assessment. Unfortunately, however, the order signed by Special Term went beyond the decision and struck defendants' answer and counterclaim. Defendants' contention that a question of fact exists precluding the grant of partial summary judgment because it is unclear as to whether the third-party action was compromised without the knowledge and consent of the carrier, is without merit. Since the third-party settlement by defendant Hoscoe was greater than the benefits paid by the plaintiff carrier, strict compliance with the notice and consent provisions of subdivisions 1 and 5 of section 29 of the Workers' Compensation Law was unnecessary. That section is designed to protect the carrier against settlements for less than the section 29 lien. Furthermore, the result of settlement without compliance with the provisions of section 29 would only bar Hoscoe from his right to deficiency payments and could not preclude plaintiff's right to recover its lien (cf. *Matter of Ostolski v C. M. H. Co.,* 28 AD2d 1036; *Matter of Rushford v Perini Corp.,* 24 AD2d 775). Accordingly, there can be no prejudice to the plaintiff. Since the defendants are entitled to apportionment (Workers' Compensation Law, § 29, subd 1), and no reason appears in the statute why apportionment cannot be sought in the form of a counterclaim, it was error to strike defendants' answer. Order modified, on the law and the facts, by deleting so much thereof as strikes defendants' answer and counterclaim, and, as so modified, affirmed, with costs to defendants. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.