OPINION OF THE COURT
Jones, J.
The compromise, without the consent of the workers’ compensation insurer, of an injured employee’s third-party action in malpractice to recover damages for aggravation injuries affects only that portion of the compensation award attributable to the malpractice.
On February 26, 1971, appellant sustained injury to his right arm in the course of his employment at Hastings Plastics. The following day his arm was operated on, and on May 26, 1972 the arm was amputated.
Appellant’s claim for workers’ compensation benefits was pending before the board during this period. Counsel for appellant also commenced an action against various hospitals and physicians alleging aggravation injuries in consequence of malpractice in appellant’s postaccident surgical and medical care. Persuaded that there was no merit to the malpractice action, on October 7, 1976 appellant discontinued that action. The consent of Royal Globe Insurance Co., workers’ compensation carrier for Hastings Plastics, to such discontinuance was neither requested nor granted.
In January, 1979, the workers’ compensation law judge-referee decided that the malpractice action was not a third-party action within the contemplation of section 29 of the Workers’ Compensation Law and accordingly that its discontinuance without consent of the carrier did not foreclose further recovery for the basic initial injury.* On appeal the board reversed, and held that the malpractice action was a third-party action within section 29 and that its discontinuance without the consent of the carrier barred further recovery under the Workers’ Compensation Law. The Ap *296 pellate Division affirmed the board’s decision. We reverse and remit the case to the Workers’ Compensation Board for further consideration.
Appellant has made two concessions for the purposes of this appeal: first, that the malpractice action is properly characterized as a third-party action within the contemplation of section 29 and, second, that the discontinuance of that action is properly classified as a compromise within the purview of the section. Additionally, it is undisputed that the malpractice action was discontinued without the consent of the compensation carrier.
Where, as here, the aggravation injuries are the direct consequence of the initial compensable injury and the chain of causation between the accidental injury and the ultimate disability remains unbroken, an injured employee is entitled to the statutory compensation for the ultimate disability so resulting from the initial injury (Matter of Parchefsky v Kroll Bros., 267 NY 410). Under the statute then in effect, we there articulated the principles involved in such cases as follows: “The injured employee is entitled to receive compensation for the result of the original injury apart from the result of the negligent treatment of the original injury. Here there is no room for election between statutory remedy against the employer and common-law remedy for malpractice. Recovery in the malpractice actions cannot include compensation for results of the original injury apart from the result of the malpractice. After malpractice has aggravated the original injury, the subsequent disablement is due to concurrent causes inextricably intertwined. More than that, these results would not have followed from the original injury but for the independent negligence of the physician. To the extent that the injury for which compensation may be made under the Workmen’s Compensation Law includes the result of malpractice, the Injury’ is due to the negligence of the physician within the spirit and letter of the statute. To that extent, then, the injured employee has a common law remedy against the physician and a statutory remedy against the employer. In accordance with the common law rule applicable to tort actions and the statutory rule embodied in section 29 of the Workmen’s Compensation Law, *297 the injured employee has then an election which remedy he will pursue. If he pursues his common law remedy against the negligent physician and collects more than the compensation provided by the statute, the employer or carrier is liable only for the injury, apart from the result of the malpractice. If he elects to take compensation under the statute, including damages for the injury caused by the physician’s negligence, the employer becomes subrogated to the employee’s right of action against the physician.” (Matter of Parchefsky v Kroll Bros., supra, pp 417-418.) Thus, we held in that case that the claimant, having been fully compensated for his aggravation injuries by the $3,500 which he had received in settlement of the malpractice action, “was entitled only to an award for the injury apart from the malpractice” (id., p 418). We carefully distinguished between the two possible components of a compensation award when an initial injury has been aggravated by subsequent malpractice.
Consistent with that analysis and in accord with the dictates of reason, the conduct of a claimant with respect to a third-party malpractice action to recover damages for aggravation injuries is referable only to that portion of the compensation award which can be attributed to the malpractice. The injuries caused by the malpractice would mark the limit which the injured employee could recover in his common-law malpractice action and the limit which the insurer could recover under statutory subrogation. Likewise the component of the compensation award attributable to the malpractice would measure the prejudice suffered by the insurer in the event of compromise of the malpractice action by the claimant without the consent of the insurer.
Turning then to the facts of this case, we hold that the discontinuance of the malpractice action by appellant in 1976 forecloses recovery of compensation benefits only to the extent that such benefits are attributable to the malpractice, if any, which was the subject of the malpractice action.
Accordingly, the order of the Appellate Division should be reversed, with costs, and, as in Parchefsky, the case should be returned to the compensation board to determine *298 appellant’s entitlement to benefits attributable to the initial accident only, apart from any malpractice aggravation.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to the Workers’ Compensation Board for further proceedings in accordance with the opinion herein.

 This description of the decision is based on a statement in appellant’s brief which is not controverted by respondent. The shortened record stipulated by the parties does not contain the full decision. It is clear, however, that continuation of workers’ compensation benefits was directed.