■ In the Matter of the Claim of KENNETH NOKER, Appellant, v INTERNATIONAL PAPER COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed July 15, 1981 and December 9, 1981, which denied further compensation benefits to claimant. Claimant sustained a compensable injury to his left arm on February 25, 1971, and was subsequently awarded benefits. Immediately after the accident he was treated by Dr. Owen W. Young, an orthopedic surgeon, and remained under his care until May 3, 1973, when, dissatisfied with the services of Dr. Young, he changed physicians. An action charging Dr. Young with malpractice was commenced in 1974 and a note of issue was filed March 7, 1975. When the action was not actively pursued, it was subsequently deemed abandoned and dismissed for neglect to prosecute on February 10, 1978. The board has found that since the third-party action against Dr. Young was discontinued without the consent of the carrier (in this case, the self-insured employer) or permission of the Supreme Court, the carrier is relieved of any further liability for the payment of compensation pursuant to section 29 of the Workers' Compensation Law. This decision must be reversed. *Matter of Roach v Hastings Plastics Corp.* (57 NY2d 293) instructs us that in a circumstance such as this, a discontinuance (p 295), "without the consent of the workers' compensation insurer, of an injured employee's third-party action in malpractice to recover damages for aggravation injuries affects only that portion of the compensation award attributable to the malpractice." Accordingly, the board's decision must be reversed and, as in *Roach v Hastings Plastics Corp. (supra)*, the matter should be returned to the board to determine claimant's entitlement to benefits attributable to the initial accident only, apart from any malpractice. In so deciding, we reject the employer's argument that the above issue was not contained in the written application to the board for review and thus is not properly before this court (see Workers' Compensation Law, § 23; *Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130). In our view, the language of that application satisfied the requirement for consideration of the issue before the board and this court. Decisions reversed, with costs to claimant against the self-insured employer, and matter remitted to the board for further proceedings not inconsistent herewith. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.