■ In the Matter of the Claim of ELIZABETH KING, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed February 21, 1986.

Claimant, a neighborhood aide for the New York City Board of Education (hereinafter employer), was injured when she slipped and fell on a newly waxed floor at a State facility. A claim for compensation was rejected by the employer on the ground that claimant was not a covered employee. A Workers' Compensation Law Judge (WCLJ), after a hearing, rejected this contention, found a compensable accident and awarded benefits. This decision was affirmed by the Workers' Compensation Board on June 7, 1983.

At a subsequent hearing requested by claimant because payments of the award had not been made, it was revealed, for the first time, that claimant had instituted and settled a third-party action against the State without notice to or the consent of the employer. Accordingly, the WCLJ modified the

previous award but continued coverage, noting the settlement of the third-party suit, but penalized the employer 20% of the award as made for failure to make payments in contravention of Workers' Compensation Law § 25 (3) (c). At that point, the total amount of the authorized award was less than the sum received in settlement of the third-party action. On appeal, the Board rescinded awards of compensation previously made because of the settlement of the third-party action without consent, but upheld the 20% penalty because the employer had never made payment to claimant. This appeal by claimant ensued.

There must be an affirmance. We reject claimant's contention that the employer is estopped from asserting its rights under Workers' Compensation Law § 29 since it previously denied that she was a covered employee. The statutory provisions are clear and require written approval of the carrier liable to pay compensation or, in lieu thereof, a compromise order from a Justice of the Supreme Court where the third-party action was pending before an action can be settled for an amount less than the compensation provided under the law. The fact that at the time of the compromise the sum received in settlement was greater than the benefits awarded is not controlling, as it must be noted that the case was "continued" until the fact of settlement was discovered. Thus, the employer's ultimate liability could have eventually exceeded the amount of settlement and claimant's unauthorized settlement jeopardized the employer's right to recoup the benefits it would have eventually been ordered to pay to the extent they exceeded the settlement amount. Accordingly, since the record does not demonstrate any waiver of its statutory rights by the carrier, claimant was obligated to notify the employer of the offer of settlement (see, Matter of Burton v ITT Cont. Baking Co., 93 AD2d 921; cf., Merchants Mut. Ins. Co. v Hoscoe, 65 AD2d 665), and failure to do so results in the forfeiture of any right to compensation payments (see, Matter of Rhodes v Lakeview Fire Dist. Hook & Ladder Co. No. 1, 29 AD2d 600).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.