Donald **FOREST**, Appellant,

v.

**SAFEWAY STORES, INC.**, and Scott Wentzel Services, Appellees.

No. S–4079.

Supreme Court of Alaska.

April 17, 1992.

Rehearing Denied May 14, 1992.

---

Richard W. Wright and Edward R. Niewohner, Fairbanks, for appellant.

Robert J. McLaughlin, Faulkner, Banfield, Doogan & Holmes, Seattle, Wash., for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

An employee injured in an industrial accident, for which he was being paid workers' compensation benefits, brought suit against a physician, alleging that his industrial injury was later aggravated by malpractice on the part of the physician. The employee subsequently entered into a stipulation to dismiss his malpractice claim with prejudice. His employer, who had been paying compensation, filed a petition with the Workers' Compensation Board (Board) to dismiss the employee's compensation claim. The Board granted the petition, concluding that the employee had compromised his third-party claim against the physician without the employer's written consent, thus forfeiting all rights to further compensation. On appeal to the superior court, the Board's decision was affirmed. We reverse and remand to the Board for further proceedings consistent with this opinion.

I

The essential facts are not in dispute. Donald Forest injured his back in 1983, while working for Safeway Stores, Inc. Safeway accepted Forest's workers' compensation claim and began to pay compensation benefits, although the full extent of Safeway's statutory liability remained in dispute.[1] In 1984, Forest underwent back surgery. The surgery was performed by Dr. John Joosse. According to Forest, the surgery not only failed to resolve his back problem, it made the problem worse. Accordingly, Forest filed a medical malpractice action against Dr. Joosse.

Safeway continued to pay Forest workers' compensation benefits while the malpractice suit was pending. Safeway also continued to negotiate with Forest over the full extent of compensation due. These negotiations culminated in an offer of settlement; Safeway prepared a Compromise and Release, which it presented to Forest in late 1987. In the proposed compromise, Safeway offered a lump sum payment of $77,000, and two waivers: (1) a waiver of a small costs judgment against Forest for $489; and (2) a waiver of "any lien under AS 23.30.015 for the third party claim [Forest] has filed against Dr. John Joosse." Forest, however, never signed the proposed compromise.

As indicated by the language of the proposed compromise, Safeway was aware of Forest's malpractice claims against Dr. Joosse. Indeed, at some point after Forest filed suit against Dr. Joosse, Safeway "notified [Forest] of its intent to share in the proceeds of the malpractice action pursuant to AS 23.30.015."

In the malpractice action, Dr. Joosse moved for summary judgment on both of the negligence counts alleged in the complaint. After hearing oral argument, the superior court, Judge Mary E. Greene, granted partial summary judgment. On one count, she ruled in favor of Dr. Joosse. On the second count, she ruled in Forest's

---

1. Forest and Safeway disputed the full extent and nature of Forest's injuries and the role vocational rehabilitation should play in Forest's compensation scheme.

favor. As to this count, however, Judge Greene stated:

I feel obliged to make a further statement. Just because one is able to defeat summary judgment by raising an issue of fact that ends up being a credibility case doesn't mean that you've got a great case. It's very apparent to me that this is not a very strong plaintiff's case.

In April 1988, Forest filed a notice of appeal of the superior court's summary judgment decision. Eight months later, however, Forest dropped his appeal and joined in a stipulation to dismiss with prejudice his malpractice action. The stipulation provided that each party would bear its own costs and attorney's fees. In accordance with the stipulation, Judge Greene ordered the malpractice action dismissed, with prejudice, and judgment was entered.

When Safeway learned that the malpractice action had been dismissed, it petitioned the Board to dismiss Forest's compensation claim. Safeway claimed that, by dismissing his malpractice action without its consent, Forest forfeited his right to receive further compensation under AS 23.30.015(h).

The Board granted Safeway's petition, finding as follows:

[Forest] settled his third party claim, apparently to avoid possible cost and attorney fee liability and Rule 11 sanctions. The parties did not stipulate to dismiss, however, until more than nine months after Judge Green[e]'s [summary judgment] ruling. This was plenty of time for [Forest] to notify [Safeway] of the

settlement considerations and to allow [Safeway] to pursue the third party claim if it wished. The employer was never given the choice.

The Board then denied Forest's claim for additional workers' compensation benefits. Safeway ceased to pay Forest any benefits at all from the date of the dismissal order.

Forest appealed the dismissal of his claim to the superior court. The court ruled that AS 23.30.015(h) required forfeiture of all future benefits,[2] and affirmed the Board's decision. This appeal followed.

## II

AS 23.30.015 governs payment and reimbursement of workers' compensation when a third party may be liable to pay damages for an employee's injury.[3] Several provisions of that section are relevant to an analysis of this case.

First, Forest was under no obligation to pursue a claim for damages against Dr. Joosse. AS 23.30.015(a). He was free to collect workers' compensation benefits, and leave it at that.[4] Second, Safeway's obligation to pay workers' compensation benefits continued, while Forest's suit against Dr. Joosse was pending. *Id.* at (f). Third, any damages recovered by Forest from Dr. Joosse, minus litigation costs and expenses, would have gone to reimburse Safeway for benefits paid; any excess would have diminished the amount for which Safeway remained liable. *Id.* at (g). Fourth:

If compromise with a third person is made by the person entitled to compensation ... of an amount less than the com-

---

**2.** Judge Savell noted the harshness of this result and opined that a medical malpractice exception to AS 23.30.015(h) would "further the broad social policies underlying the Workers' Compensation Act."

**3.** Because the facts of this case are largely undisputed, the question before us is whether the Board correctly applied the law to these facts. *M–K Rivers v. Schleifman,* 599 P.2d 132, 134 (Alaska 1979). We give "fresh consideration" to the adequacy of such conclusions of law in a Board decision. *Id.*

Additionally, we note that this case involves a close interpretation of AS 23.30.015, a legal question squarely within the province of this court. We review such questions of statutory

interpretation that do not involve the Board's special expertise under the substitution of judgment standard of review. *Kodiak Oilfield Haulers v. Adams,* 777 P.2d 1145, 1148 (Alaska 1989).

**4.** If a worker does not file suit against a potentially liable third party within one year of the initial workers' compensation award, then the worker's acceptance of workers' compensation benefits acts as an assignment to the employer of any claim against the third party. AS 23.30.015(b). Here, Forest did file suit; hence, no assignment rights went to Safeway. Safeway's interests in the suit became dependent upon Forest's prosecution of it.

pensation to which the person ... would be entitled, the employer is liable for compensation stated in (f) of this section only if the compromise is made with the employer's written approval.

AS 23.30.015(h).[5]

The central question here is whether, under AS 23.30.015(h), Forest forfeited his right to *all* compensation from Safeway. Although Forest has presented several different arguments to support reversal[6], we consider only the proper interpretation of AS 23.30.015(h).

■■■ "The goal of statutory construction is to give effect to the legislature's intent, with due regard for the meaning the statutory language conveys to others." *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 905 (Alaska 1987). Whenever possible, each part or section of a statute should be construed with every other part or section, so as to produce a harmonious whole. *Anchorage v. Scavenius*, 539 P.2d 1169, 1174 (Alaska 1975). It is also important to note that we have consistently held that the Workers' Compensation Act should be liberally construed in favor of the employee in accordance with its humanitarian purposes.[7] *Big-*

*nell v. Wise Mechanical Contractors*, 651 P.2d 1163, 1165 n. 5 (Alaska 1982).

AS 23.30.015(a) sets the tone for the subsections that follow and indicates that the legislature was concerned with an employee's election of remedies in cases involving multiple cause disabilities:

> If on account of disability ... for which compensation is payable under this chapter the person entitled to the compensation believes that a third person other than the employer or a fellow employee is liable for damages, the person need not elect whether to receive compensation or to recover damages from the third person.

AS 23.30.015(a). In this case, Forest suffered a work-related back injury which may have been aggravated by Dr. Joosse's later surgery. This is not a situation where multiple causes, some work-related and others not, have combined to create a compensable, yet nondivisible, injury.[8]

■ The clear purpose of this section is to allow employees to seek damages from third-party tortfeasors without jeopardizing their compensation while, at the same time, allowing employers to share in damage awards up to the limit of their exposure under the workers' compensation law. As

---

5. AS 23.30.015(j) is also tangentially relevant here. This subsection provides that a worker who commences an action against a third party must notify the Board and all interested parties within 30 days. Forest apparently notified Safeway, because Safeway in turn notified Forest that it intended to share in any damages Forest recovered against Dr. Joosse.

6. Among other things, Forest argues. that the stipulation to dismiss his malpractice claims was not sufficiently remunerative to constitute a "compromise" within the meaning of AS 23.30.-015(h). He also maintains that Judge Greene's comments on the merits of his malpractice claim constitute a judicial determination that the claim was frivolous. Therefore, he continues, Safeway suffered no prejudice when he agreed to dismiss the claim and should not be permitted to plead AS 23.30.015(h) to escape liability for further compensation. *See e.g. Chapman v. Hoage*, 296 U.S. 526, 56 S.Ct. 333, 80 L.Ed. 370 (1935). We do not consider any of his arguments to be particularly persuasive nor are they necessary to a proper disposition of this appeal.

7. We are aware of the legislature's 1988 amendment to the Workers' Compensation Act in

which a preferential reading of the Act in favor of workers is prohibited. The amendment provides:

> (b) The legislature declares that the workers' compensation laws must not be construed by the courts in favor of any party.

Ch. 79, § 1, SLA 1988. However, since the amendment "applies only to injuries sustained on or after July 1, 1988," ch. 79 § 48 SLA 1988, this change in our rules of construction will not be applied in this case.

8. Professor Larson explains the distinction nicely:

> A practical difficulty that attends the application of ordinary third-party rules to malpractice cases arises from a fundamental difference between these aggravation cases and third-party cases in which the wrongdoer caused the original injury. The difference lies in the fact that the malpractice action involves liability for only a part of the injury while every other third-party action involves liability of the third party for the entire injury.

2A A. Larson, *The Law of Workmen's Compensation* § 72.65(a), at 14–228.64 (1990).

we noted in *Ribar v. H & S Earthmovers*, 618 P.2d 582, 584 n. 4 (Alaska 1980), employers are entitled to reimbursement under AS 23.30.015 for compensation paid for injuries caused by a physician's negligence committed while treating a compensable injury.[9] Therefore Safeway had a legitimate, albeit dependent, interest in Forest's third-party claim against Dr. Joosse.

■ However, under AS 23.30.015(a), Safeway's interest in the third party claim only extended to Dr. Joosse's negligent aggravation, if any, of the original work-related injury. The Board erred in interpreting AS 23.30.015(h) in isolation. This notice and forfeiture provision ensures that an employer's dependent interest in the employee's third-party claim is not compromised without the employer's written consent.

■ It does not follow from the language of the section, taken in its entirety, that an employee who sues a third party for aggravation of a existing work-related injury forfeits his or her right to *all compensation*, both for the initial injury and for the aggravation, simply because the employer was excluded from settlement negotiations. Such an interpretation would result in a windfall for the employer. It would also constitute a particularly harsh penalty for an injured worker who would end up paying for what is undoubtedly an attorney's blunder.[10]

Accordingly we hold that the Board erred in dismissing Forest's entire compensation claim. Under our interpretation of the section, the Board should have determined Forest's entitlement to compensation attributable to the initial injury apart from any aggravation caused by Dr. Joosse's malpractice and then dismissed that part of Forest's compensation claim attributable to the physician's negligence. Our interpretation does not take the teeth from AS 23.30.015(h), nor does it do violence to the language.[11]

Upon remand to the Board, Forest will carry the burden of proving that the malpractice claim lacked merit. In other words, Forest bears the burden of segregating his initial injury from any possible aggravation caused by Dr. Joosse's negligence. This follows from the fact that Forest failed to comply with the nonburdensome notice and approval requirements of AS 23.30.015(h). In so doing, Forest foreclosed Safeway's ability to secure reimbursement for that portion of the back injury that may have been caused by Dr. Joosse's negligence.[12]

The decision of the superior court affirming the Board's decision to dismiss Forest's claim for compensation benefits is REVERSED and REMANDED to the Board for further proceedings consistent with this opinion.

MATTHEWS, Justice, joined by RABINOWITZ, C.J., dissenting in part.

I agree that the forfeiture provision of AS 23.30.015(h) should only apply to the extent that the third-party medical mal-

---

9. Later aggravations of a work-related injury are compensable under AS 23.30.010 if the earlier injury was a substantial factor contributing to the nonindustrial injury. *Cook v. Alaska Workmen's Compensation Board*, 476 P.2d 29, 35 (Alaska 1970).

10. Statutes which cause forfeiture are not favored and will be narrowly construed. *State ex rel. Smith v. Tyonek Timber, Inc.*, 680 P.2d 1148, 1157 (Alaska 1984).

11. We also note that our interpretation of this subsection does not amount to the judicial adoption of a "medical malpractice exception" to the notice and approval provisions of AS 23.30.015(h). *See, e.g., Roach v. Hastings Plastics Corp.*, 57 N.Y.2d 293, 456 N.Y.S.2d 675, 442 N.E.2d 1186 (1982). Rather we are construing its language in accordance with the language of AS 23.30.015(a) so as to produce a harmonious whole. *Wien Air Alaska v. Arant*, 592 P.2d 352, 356 (Alaska 1979) ("The meaning of a statutory provision is determined by the language of the particular provision construed in light of the purpose of the whole instrument."); *Anchorage v. Scavenius*, 539 P.2d at 1174.

12. In essence, by stipulating to dismiss his malpractice claim with prejudice, Forest asserts that the claim lacks substance. He is obviously in a better position to prove this than is Safeway. The party asserting a fact generally bears the burden of proving that fact, especially when the party controls the evidence which bears upon that fact. *Sloan v. Jefferson*, 758 P.2d 81, 83 (Alaska 1988).

practice claim and the workers' compensation claim overlap. However, I do not believe that the claimant should be allowed to escape application of the forfeiture clause to an overlapping claim on the grounds that the third-party defendant was not negligent. Under AS 23.30.015(h) a claimant who has compromised with a third-party defendant without the written approval of the employer cannot escape forfeiture of the claim against the employer on the grounds that the third-party defendant was not negligent. It seems inconsistent, therefore, to permit Forest to avoid a forfeiture of that portion of his claim against the employer which overlaps his third-party claim on the grounds that Dr. Joosse, the third-party defendant, was not negligent.

Under the majority opinion there are two issues on remand: (1) what is the value of that portion of Forest's total claim against Safeway which was aggravated by Dr. Joosse's treatment; and (2) was Dr. Joosse's treatment negligent? Forest can win the case on remand in two ways under the majority opinion. He may establish that Dr. Joosse's treatment did not aggravate his injuries, or he may establish that Dr. Joosse's treatment was not negligent, although it may have aggravated his injuries. In the typical third-party claim where a claimant's injuries are concurrently caused by a third-party defendant and the claim is compromised without the written approval of the employer, it is never a defense to forfeiture that the third-party defendant was not negligent. Thus, I think the majority has gone too far by allowing Forest to escape liability on the ground that Dr. Joosse's treatment was not negligent. I would limit the inquiry on remand solely to the first issue noted above, the extent to which Dr. Joosse's treatment aggravated Forest's condition.