*797 OPINION OF THE COURT
Anthony F. Shaheen, J.
Petitioner Timothy Joslyn appears before this court seeking a nunc pro tunc order compromising his third-party action, and the State Insurance Fund appears in opposition to his request.
The facts of the underlying personal injury action are as follows. Timothy Joslyn was on his way to work at respondent Doc’s Trucking & Auto Parts on April 10, 1989 when he noticed a car off the side of the road. He stopped his own vehicle to assist that accident, but was unable to get the car out of the ditch. He then left the scene of that accident and proceeded on to work, where he got the tow truck and went back to the scene to pull the car out of the ditch. While working on that vehicle, a vehicle operated by one Mr. Tail-man went out of control and struck petitioner. He suffered severe head injuries and fractured right tibia, and was confined first to Upstate Medical Center and then spent seven months at Forestville Health & Rehabilitation Center in Connecticut. The injury to his brain has left petitioner permanently impaired in speech and motor faculties.
Petitioner’s medical bills were approximately $200,000, the first $50,000 of which was paid by the no-fault carrier (State Farm), and the remaining bills were paid by Oneida County Department of Social Services which filed a lien against any third-party recovery.
Shortly after petitioner’s accident, on May 18, 1989, Doc’s was notified that he intended to file a workers’ compensation claim for his injuries, on the grounds that the accident happened while he was in the course of his employment. The State Insurance Fund refused to make any payments to petitioner, and vigorously contested his claim from the start, claiming that he was not authorized to take the tow truck and was therefore not injured in the course of his employment. The State Insurance Fund also claimed that there was no medical evidence of casually related disability, and that petitioner had been involved in a personal injury accident prior to his daily employment. In July 1989 the Workers’ Compensation Board closed the case, pending medical evidence of causal relationship.
In the meantime, petitioner’s counsel determined that the maximum limits of Tallman’s insurance policy was $25,000, and that the financial worth/assets of Tallman was such that *798 he would be unable to pay any settlement or judgment in excess of the $25,000 coverage. Accordingly, in November 1990 petitioner agreed to compromise his third-party action against Tallman for the full policy limits of $25,000. Department of Social Services agreed to accept $8,333 in full settlement of their lien, which was in excess of $100,000, and provided a release of lien for the full amount. Petitioner’s counsel accepted a like amount as his fee, and the balance of $8,333 was paid to petitioner for pain and suffering. At this point, State Insurance Fund had still made no payments to petitioner, and in fact, petitioner did not even have an open case before the Workers’ Compensation Board.
On March 6, 1991 petitioner requested the Workers’ Compensation Board to reopen and restore his case. His hearing began on February 13, 1992, and continued into June 1992. On July 10, 1992 the Workers’ Compensation Board filed its decision that the accident, notice and causal relationship had been established for his brain injury and fractured leg and head, and the Board found that he was entitled to workers’ compensation benefits. On August 7, 1992 the State Insurance Fund appealed to the Board contending that petitioner improperly settled his third-party action without the consent of the Fund. That appeal precipitated the present application to this court for a nunc pro tunc order settling that third-party action.
Petitioner asks for a nunc pro tunc order because the State Insurance Fund has not only refused to approve the settlement, but in fact has challenged petitioner’s right to compensation benefits from the time he filed his initial claim for such benefits. Further, petitioner claims that the State Insurance Fund would not be prejudiced by a nunc pro tunc order because Tallman offered the policy limits and had no other assets to attach. Moreover, petitioner was able to settle the Social Services lien for a mere fraction of its actual value and secured a release of lien from them, thereby assuring that Social Services will not seek to recover that sum from the State Insurance Fund.
The State Insurance Fund continues to vigorously contest petitioner’s application, claiming that his failure to secure the Fund’s consent to the settlement forfeits his right to any compensation benefits. The Fund also asserts that since petitioner never actually commenced a third-party action, he is not permitted to seek a nunc pro tunc order, because Workers’ Compensation Law § 29 (5) permits a compromise order only *799 "from a justice of the court in which the third-party action was pending”. Finally, the Fund claims that petitioner’s application before this court has certain technical defects, that he has provided no excuse for his delay in filing this application, and that the Fund’s lien would have priority over the Social Services lien.
In reply to the Fund’s answering papers, and prior to the return date of this application, the petitioner submitted a supplemental affidavit and also commenced a third-party action by serving Tollman with a summons and complaint. Finally, in response to the State Fund’s claim that their lien had priority over the Social Services lien, petitioner reiterates that the State Fund has paid nothing to date, and therefore has no lien at this point in time. Moreover, any monies paid by Social Services have been for hospital, doctor and medical bills, for which Social Services has signed a release of lien, relieving State Fund of any obligation for reimbursement. Petitioner has received nothing to date, from any source, for lost wages (that matter will be resolved by the Workers’ Compensation Board after the present application is resolved), and the third-party recovery was for pain and suffering for which the State Fund would not receive a credit or setoff in any event.
At the time of oral argument, State Fund’s counsel took the position that before ruling on petitioner’s application this court had to resolve four issues, which the court will now address.
Initially, State Fund claims that the application for a nunc pro tunc order is technically defective, because it does not comply with pertinent statutory requirements of Workers’ Compensation Law § 29 (5). While petitioner’s initial application had certain technical defects and omissions, the supplemental affidavit, with attached affidavit of Dr. Luciano Modesti and proof of commencement of an action against Tallman, was satisfactory compliance with the statutory requirements, particularly since the Workers’ Compensation Law should be liberally construed in favor of the employee rather than in an overly legalistic approach (Matter of Spurling v Beach, 93 AD2d 306, 308-309, lv denied 64 NY2d 605; see, Merrill v Moultrie, 166 AD2d 392).
Secondly, State Fund asserts that this court has no subject matter jurisdiction to consider this application because no third-party action had been commenced at the time this *800 petition was filed, citing the Fourth Department’s holding in Kosiorek v University of Rochester (152 AD2d 927). Specifically, the Fourth Department found that Kosiorek’s application for such a nunc pro tunc order, "even though no third-party action has been commenced”, is contrary to the plain language of the statute and is not supported by the expressed legislative intent of promoting judicial economy as expressed at the time the statutory amendment was enacted permitting court approval in the absence of State Fund’s consent (Kosiorek v University of Rochester, supra; see, 1966 NY Legis Ann, at 260-261). However, unlike Kosiorek, petitioner Joslyn has in fact now commenced a third-party action, and the court takes judicial notice of the fact that a third-party action is indeed pending at this time, irrespective of its merit. While State Fund would suggest that the court should disregard this pending action as a mere sham to circumvent the statute, the court finds that petitioner has now commenced this third-party action only because the objections of the State Fund have forced him to do so. Further, the court sees no difference between the present situation, and the more common situation of a petitioner who has completed all third-party settlement arrangements, except the actual signing of releases, before seeking a compromise order. The statute clearly permits petitioner to seek a court order compromising the third-party action in lieu of securing the carrier’s consent, and the courts of this State have held that such compromise orders may be issued nunc pro tunc (Davison v Chemical Leaman Tank Lines, 136 AD2d 937; Merrill v Moultrie, supra).
Looking to the 1966 New York State Legislative Annual for guidance, as did the Fourth Department in Kosiorek (supra), this court notes that the Legislature’s concern, when it amended Workers’ Compensation Law §29 to permit such court-ordered compromise, was that "Many third party actions could be settled if it were not for the unreasonable objections by the compensation carriers to disposing of their lien. This bill would allow the court to dispose of those cases where the parties can not agree because of the unreasonable attitude of the plaintiff or the compensation carrier.” (1966 NY Legis Ann, at 261). The Judicial Conference of the State of New York has further noted in its Memorandum accompanying the Legislative Memorandum that a considerable savings in court time was anticipated by this amendment to Workers’ Compensation Law § 29, whose sole purpose was to prevent a plaintiff *801 from "settling an action at a figure which is too low; it has no other purpose” (supra, at 261).
It is uncontroverted that petitioner settled his claim against Tallman for the maximum amount available, and that no further purpose would have been served in pursuing a lawsuit. In any event, petitioner has now complied with the plain language of the statute, and judicial economy has been promoted by avoiding a trial of all the issues (Kosiorek v University of Rochester, supra).
The third and fourth issues raised by State Fund are that petitioner has given no excuse for his delay in filing this nunc pro tunc application, and that the carrier will be prejudiced if such a compromise order is issued. The record before this court is clear that any delay here was not the result of petitioner’s neglect or dilatory tactics. Rather, petitioner, who was suffering from brain injuries as the result of this accident, was actively pursuing his claim for workers’ compensation benefits which State Fund was vigorously opposing each step of the way. Further, despite State Fund’s claim of prejudice, this court is unable to discern one iota of prejudice to this carrier, particularly since petitioner settled his action against Tallman for the full policy limit (see, Merrill v Moultrie, supra), and also secured a release of lien from the Department of Social Services which will inure to the benefit of State Fund. In any event, since State Fund has made no payments whatsoever to petitioner, this court questions what lien the carrier would have enforced if petitioner had filed this application earlier in the process.
Having resolved the issues raised by State Fund in opposition to this application, and having found that there has been no prejudice to the carrier by any delay in bringing this petition, the court now grants petitioner’s motion for an order to compromise and settle his third-party claim nunc pro tunc.