■ In the Matter of JOHN DAUENHAUER, Respondent, v CONTINENTAL CASUALTY INSURANCE COMPANY, as Compensa-

tion Insurance Carrier for H.S. Industrial Equipment Co., Appellant. [629 NYS2d 591] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: On October 20, 1989, while in the course of his employment, petitioner injured his knee in an automobile accident. Petitioner's attorney settled petitioner's third-party claim for $25,000 in October 1990. In December 1990 petitioner filed a claim with the Workers' Compensation Board concerning the same injury. In 1992, respondent, the workers' compensation carrier, denied petitioner workers' compensation benefits because it had not consented to the settlement of the third-party claim.

In 1994, Supreme Court granted a petition pursuant to Workers' Compensation Law § 29 (5) compromising and settling petitioner's third-party claim nunc pro tunc. The court had jurisdiction to grant that petition. Although petitioner had not commenced a third-party action before seeking approval of the settlement, petitioner commenced such an action before the settlement was approved (cf., Kosiorek v University of Rochester, 152 AD2d 927). Thus, the third-party action was "pending" before the court when it approved the settlement, as required by Workers' Compensation Law § 29 (5) (see, Matter of Joslyn v State Ins. Fund, 156 Misc 2d 796, 799-801). Although the action against the third parties may have been barred by the Statute of Limitations or by the terms of a previously-executed release, those are affirmative defenses to be pleaded by the third parties; neither defense deprives the court of jurisdiction.

Despite technical omissions in the petition, the petition was sufficient to comply with the statute (see, Merrill v Moultrie, 166 AD2d 392, lv denied 77 NY2d 804; Matter of Spurling v Beach, 93 AD2d 306, lv denied 64 NY2d 605). In addition, dismissal of the petition was not required solely because of petitioner's delay (see, Borrowman v Insurance Co. of N. Am., 198 AD2d 891).

Nonetheless, the record does not indicate whether the settlement represented the full amount of the insurance coverage and does not otherwise establish the reasonableness of the settlement (see, Davison v Chemical Leaman Tank Lines, 136 AD2d 937, 938; cf., Merrill v Moultrie, supra). Thus, the order on appeal must be reversed and the matter remitted to Supreme Court for a hearing on the issues raised by the carrier concerning the reasonableness of the settlement. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Settlement Approval.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.