■ In the Matter of SUSAN GREGORY, Appellant, v AETNA INSURANCE COMPANY, Respondent. [647 NYS2d 624] —Order unanimously reversed on the law with costs and petition granted. Memorandum: Supreme Court erred in denying the petition, which sought an order approving, nunc pro tunc, a third-party settlement pursuant to Workers' Compensation Law § 29 (5). Contrary to respondent's contention, the court had jurisdiction to grant the petition (see, Matter of Dauenhauer v Continental Cas. Ins. Co., 217 AD2d 943; cf., Kosiorek v University of Rochester, 152 AD2d 927). We further conclude that the petition should have been granted because the settlement was reasonable and not prejudicial to respondent, the workers' compensation carrier for petitioner's employer (see, Borrowman v Insurance Co., 198 AD2d 891; Kusiak v Commercial Union Assur. Cos., 49 AD2d 122, 126). Although petitioner settled her third-party claim for $6,500, less than the policy limit of $10,000, the settlement was reasonable in view of the nature of petitioner's injuries. The last physician to examine petitioner before settlement concluded that "she has minimal continuing symptoms but no objective findings of any disability and is not receiving any specific treatment." Petitioner returned to work within 18 days of the accident and there is no evidence that she was unable to perform substantially all of her usual and customary daily activities. Thus, it

appeared unlikely that petitioner sustained a serious injury within the meaning of Insurance Law § 5102 (d), and she therefore could not have recovered damages in a personal injury action against the tortfeasor (*see,* Insurance Law § 5104 [a]).

We therefore reverse the order and grant the petition. (Appeal from Order of Supreme Court, Erie County, Whelan, J.— Settlement Approval.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.