■ ERIC PASTEUR, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. [660 NYS2d 6] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about May 17, 1996, which, in an action to rescind a stipulation discontinuing as against defendant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) and its bus driver plaintiff's personal injury action, after a hearing, insofar as appealed from as limited by plaintiff's brief, granted MABSTOA's motion to dismiss the complaint, unanimously affirmed, without costs.

While it is true, as plaintiff contends, that a stipulation may be set aside on the basis of unilateral mistake (see, Matter of Frutiger, 29 NY2d 143, 149-150), the type of unilateral mistake involved herein does not constitute good cause for such relief. According to plaintiff's counsel, he entered into a stipulation discontinuing plaintiff's action against MABSTOA based upon what turned out to be the mistaken belief that, some three months before, the codefendant, a taxi cab company, had of-

fered its $10,000 policy to settle the case. Moreover, while the mistaken belief as to the purported settlement may have been a factor in plaintiff's decision to discontinue as against MAB-STOA, it also appears that such decision was primarily based upon counsel's assessment of the case as hard, if not impossible, to prove in light of his client's testimony at his examination before trial. Nor does the record support plaintiff's claim that counsel for MABSTOA stood silently by and took advantage of plaintiff's counsel's mistake. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Andrias and Colabella, JJ.