■ DORIS G. B. BUCHANAN, Appellant, v EUGENE B. SCO-VILLE et al., Defendants, and ITT HARTFORD INSURANCE COMPANY, Respondent. [661 NYS2d 351] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In May 1989 petitioner injured her neck in an automobile accident that occurred during the course of her part-time employment. Petitioner, Doris G. B. Buchanan, commenced a third-party negligence action to recover for injuries sustained in the accident, and that action was settled in September 1992 for $15,000. ITT Hartford Insurance Company (respondent), the insurance carrier for petitioner's employer, was not notified of the settlement. Following a hearing in July 1994, the Workers' Compensation Board ruled that petitioner, who was found to be permanently disabled, had forfeited her right to future benefits because she had not obtained written approval of the settlement from re-

spondent, as required by Workers' Compensation Law § 29 (5). Petitioner thereafter filed a petition in Supreme Court seeking approval of the settlement nunc pro tunc.

The court erred in dismissing the petition as untimely. The delay of petitioner in seeking a compromise order does not by itself require dismissal of her petition (*see, Matter of Dauenhauer v Continental Cas. Ins. Co.*, 217 AD2d 943, 944), and respondent failed to demonstrate prejudice resulting from the delay (*see, Borrowman v Insurance Co.*, 198 AD2d 891). The remaining issue is whether respondent was prejudiced by the settlement itself. That issue turns largely on whether the settlement terms were reasonable (*see generally, Matter of Gregory v Aetna Ins. Co.*, 231 AD2d 906), and the court did not reach that issue. Because "the record does not indicate whether the settlement represented the full amount of the insurance coverage and does not otherwise establish the reasonableness of the settlement", we reverse the order, reinstate the petition, and remit the matter to Supreme Court for a hearing on that issue (*Matter of Dauenhauer v Continental Cas. Ins. Co.*, *supra*, at 944; *see, Amsili v Boozoglou*, 203 AD2d 137, 138; *Davison v Chemical Leaman Tank Lines*, 136 AD2d 937, 938).

Finally, petitioner argues for the first time on appeal that she was not required to obtain approval of the settlement from respondent. Even assuming, arguendo, that petitioner's argument is properly before us, we conclude that it is lacking in merit (*see generally, Matter of King v New York City Bd. of Educ.*, 132 AD2d 742, 743). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Workers' Compensation Law.) Present—Green, J. P., Pine, Boehm and Fallon, JJ.