█ In the Matter of NEW YORK CITY HOUSING AUTHORITY, Appellant, v THOMAS JACKSON, Respondent. [853 NYS2d 138]—

In a holdover proceeding, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts dated November 17, 2006 [13 Misc 2d 141 (A), 2006 NY Slip Op 52265 (U)], which modified an order of the Civil Court, Queens County (Katz, J.), entered January 27, 2005, by granting that branch of the motion of Thomas Jackson which was to vacate a stipulation of settlement dated March 26, 2001, the resulting judgment

of possession entered March 26, 2001, and the resulting warrant of eviction.

Ordered that the order dated November 17, 2006 is affirmed, with costs.

In this holdover proceeding, the Civil Court appointed a guardian ad litem for Thomas Jackson, who resides in the public housing apartment that is the subject of this proceeding, upon a finding that Jackson, who has a history of psychological disorders and borderline intellectual functioning, was incapable of adequately defending his rights. Two weeks later, the guardian ad litem entered into a stipulation of settlement providing for a judgment of possession in favor of the petitioner, the issuance of a warrant of eviction, and a six-month stay of execution of the warrant. It is not discernible from this record whether there was any concrete plan in place at the time to relocate Jackson. At some point in 2001, the New York City Department of Social Services commenced a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian of Jackson's person and property and, in October 2002, Self Help Community Services, Inc. (hereinafter Self Help), was appointed guardian of Jackson's person and property.

Although the stay was subsequently lifted, the petitioner never sought to execute the warrant of eviction. Consequently, in June 2004, Jackson, through Self Help, moved in the Civil Court, inter alia, to vacate the stipulation of settlement as well as the ensuing judgment and warrant of eviction, arguing that the guardian ad litem did not adequately protect his possible succession rights to the public housing apartment that is the subject of the proceeding. The Civil Court denied the motion. On appeal, the Appellate Term modified the order by granting that branch of Jackson's motion which was to vacate the stipulation of settlement and the resulting judgment of possession and warrant of eviction.

The Appellate Term providently exercised its discretion in granting that branch of the motion. Since both parties can be restored substantially to their former positions, good cause to vacate the stipulation was demonstrated, where, as here, it appears that a party has "inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice" (*Matter of Frutiger,* 29 NY2d 143, 150 [1971] [internal quotation marks omitted]; *see BML Realty Group v Samuels,* 15 Misc 3d 30 [2007]; *Genesis Holding, LLC v Watson,* 5 Misc 3d 127 [A], 2004 NY Slip Op 51218 [U] [2004]).

The petitioner's argument that laches bars the motion to vacate the stipulation is not properly before this Court as it was not raised before the Civil Court and was not addressed by the Appellate Term (*see Woodlaurel, Inc. v Wittman,* 199 AD2d 497 [1993]). Accordingly, we do not address the issue.

The petitioner's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.