# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

102
CA 12-01341
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

JOSEPH MCNALLY, PETITIONER-APPELLANT,

V                                                      MEMORANDUM AND ORDER

WORKERS' COMPENSATION BOARD, ET AL.,
RESPONDENTS,
UNINSURED EMPLOYERS FUND, MISHLANIE
CONSTRUCTION AND EXCAVATING, INC. AND
NOR'EASTER CUSTOM HOMES, INC.,
RESPONDENTS-RESPONDENTS.
------------------------------------------------
JOSEPH MCNALLY AND LAURA MCNALLY, PLAINTIFFS,

V

MISHLANIE CONSTRUCTION AND EXCAVATING, INC.
AND NOR'EASTER CUSTOM HOMES, INC., DEFENDANTS.

PETER S. PALEWSKI, NEW YORK MILLS, FOR PETITIONER-APPELLANT.

VICTORIA A. PLOTSKY, ALBANY (KIM STUART SWIDLER OF COUNSEL), FOR
RESPONDENT-RESPONDENT UNINSURED EMPLOYERS FUND.

GORIS & O'SULLIVAN, LLC, CAZENOVIA (MARK D. GORIS OF COUNSEL), FOR
RESPONDENT-RESPONDENT NOR'EASTER CUSTOM HOMES, INC.

-------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County
(Bernadette T. Clark, J.), entered March 12, 2012.  The order
dismissed the petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is
reinstated, leave to amend the petition to include a request to vacate
the stipulation of discontinuance in the underlying action is granted,
the request is granted and the stipulation of discontinuance is
vacated, and the matter is remitted to Supreme Court, Oneida County,
for further proceedings in accordance with the following Memorandum:
Petitioner appeals from an order dismissing his petition seeking nunc
pro tunc approval of the settlement of his underlying personal injury
action.  On this record, we cannot determine whether respondent
Uninsured Employers Fund "was prejudiced by the settlement" of the
underlying action and thus whether Supreme Court erred in dismissing
the petition (*Buchanan v Scoville*, 241 AD2d 965, 966).  "That issue
turns largely on whether the settlement terms were reasonable" (*id.*),

and we are unable to determine whether the terms were reasonable because the record does not indicate whether respondent Nor'Easter Custom Homes, Inc., a defendant in the underlying action, had insurance coverage that would have covered the loss, or whether that defendant has assets sufficient to satisfy a judgment in the underlying action.  We therefore reverse the order, reinstate the petition and remit the matter to Supreme Court to determine whether the settlement terms were reasonable, following a hearing if necessary (*see id.*).  Under the circumstances of this case, we further conclude that the court should have granted petitioner leave to amend the petition to include a request to vacate the stipulation of discontinuance in the underlying action (*see* CPLR 3025 [b]), and that the court should have granted the request to vacate the stipulation (*see Matter of Frutiger*, 29 NY2d 143, 149-150; *see also Hallock v State of New York*, 64 NY2d 224, 230; *see generally Matter of New York City Hous. Auth. v Jackson*, 48 AD3d 818, 819; *Pasteur v Manhattan & Bronx Surface Tr. Operating Auth.*, 241 AD2d 305, 305-306).  We therefore grant that relief as well.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court