Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered March 12, 2012. The order dismissed the petition.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, leave to amend the petition to include a request to vacate the stipulation of discontinuance in the underlying action is granted, the request is granted and the stipulation of discontinuance is vacated, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner appeals from an order dismissing his petition seeking nunc pro tunc approval of the settlement of his underlying personal injury action. On this record, we cannot determine whether respondent Uninsured Employers Fund “was prejudiced by the settlement” of the underlying action and thus whether Supreme Court erred in dismissing the petition (Buchanan v Scoville, 241 AD2d 965, 966 [1997]). “That issue turns largely on whether the settlement terms were reasonable” (id.), and we are unable to determine whether the terms were reasonable because the record does not indicate whether respondent Nor’Easter Custom Homes, Inc., a defendant in the underlying action, had insurance coverage that would have covered the loss, or whether that defendant has assets sufficient to satisfy a judgment in the underlying action. We therefore reverse the order, reinstate the petition and remit the matter to Supreme Court to determine whether the settlement terms were reasonable, following a hear *1237 ing if necessary (see id.). Under the circumstances of this case, we further conclude that the court should have granted petitioner leave to amend the petition to include a request to vacate the stipulation of discontinuance in the underlying action (see CPLR 3025 [b]), and that the court should have granted the request to vacate the stipulation (see Matter of Frutiger, 29 NY2d 143, 149-150 [1971]; see also Hallock v State of New York, 64 NY2d 224, 230 [1984]; see generally Matter of New York City Hous. Auth. v Jackson, 48 AD3d 818, 819 [2008]; Pasteur v Manhattan & Bronx Surface Tr. Operating Auth., 241 AD2d 305, 305-306 [1997]). We therefore grant that relief as well. Present—Scudder, PJ., Fahey, Lindley, Valentino and Martoche, JJ.