# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**188**
**CA 15-00833**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, AND TROUTMAN, JJ.

---

KATHLEEN P. MUELLER, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

MARCUS J. ELLIOTT, ET AL., DEFENDANTS.
------------------------------------------
SEDGWICK CLAIMS MANAGEMENT, INTERESTED
PARTY-APPELLANT.

---

HAMBERGER & WEISS, BUFFALO (SUSAN R. DUFFY OF COUNSEL), FOR INTERESTED
PARTY-APPELLANT.

---

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered August 11, 2014. The order granted plaintiff's application for an order approving the stipulation of discontinuance of the action, nunc pro tunc.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Plaintiff was injured while working as a school bus driver when a driver lost control of his vehicle on a slippery road and struck the bus, causing plaintiff to be thrown from her seat into the bus stairwell. Plaintiff commenced this action against both the driver and the owner of the vehicle that struck the bus, but subsequently discontinued the action. Interested party Sedgwick Claims Management (Sedgwick), the workers' compensation administrator for plaintiff's employer, notified plaintiff that future workers' compensation benefits would be denied on the ground that Sedgwick did not consent to the stipulation of discontinuance. Sedgwick now appeals from an order granting plaintiff's application for judicial approval of the discontinuance, nunc pro tunc.

We agree with Sedgwick that, pursuant to Workers' Compensation Law § 29 (5), either carrier consent or judicial approval is required where, as here, a plaintiff voluntarily discontinues a third-party action (*see Matter of Duffy v Fuller Co.*, 21 AD2d 725, 726; *see generally Matter of Roach v Hastings Plastics Corp.*, 57 NY2d 293, 295-296; *Shumski v Loya*, 55 AD3d 716, 717). We further agree with Sedgwick that plaintiff failed to include an affidavit of a physician and omitted certain required information in her application seeking judicial approval (*see* Workers' Compensation Law § 29 [5] [a] - [e]), but we conclude that such omissions did not require denial of the application (*see generally Manning v Peerless Ins. Co.*, 265 AD2d 900,

901; *Merrill v Moultrie*, 166 AD2d 392, 392, *lv denied* 77 NY2d 804).

Sedgwick further contends that Supreme Court's approval of the voluntary discontinuance was not reasonable and was prejudicial to Sedgwick. It is well settled that "[a] motion for judicial approval pursuant to Workers' Compensation Law § 29 (5) is addressed to the sound discretion of the . . . [c]ourt" (*Shumski*, 55 AD3d at 717). The court must determine whether the carrier was prejudiced by the settlement or discontinuance, which depends on whether the settlement or discontinuance was "reasonable" (*Buchanan v Scoville*, 241 AD2d 965, 965; *see McNally v Workers' Compensation Bd.*, 103 AD3d 1236, 1236; *Matter of Gregory v Aetna Ins. Co.*, 231 AD2d 906, 906). On this record, however, we cannot determine whether Sedgwick was prejudiced by the discontinuation or otherwise assess the reasonableness of the discontinuation (*see McNally*, 103 AD3d at 1236; *Buchanan*, 241 AD2d at 965-966; *Matter of Dauenhauer v Continental Cas. Ins. Co.*, 217 AD2d 943, 944). We therefore reverse the order and remit to Supreme Court for a hearing on that issue (*see Buchanan*, 241 AD2d at 965; *Dauenhauer*, 217 AD2d at 944; *see also McNally*, 103 AD3d at 1236-1237).

Entered: May 6, 2016                    Frances E. Cafarell
                                        Clerk of the Court