**Harry Wade, Plaintiff-Appellant, v. Granite City Community Unit School District, No. 9, Madison County, Defendant-Appellee.**

Gen. No. 65–17.

Fifth District.

May 17, 1966.

Rehearing denied June 14, 1966.

MORAN, J., dissenting.

Burton C. Bernard, of Granite City, and John Ligtenberg, of Chicago, for appellant.

Maurice Dailey, of Granite City, for appellee.

GOLDENHERSH, P. J.
Plaintiff appeals from the judgment of the Circuit Court of Madison County. Since the judgment was entered on the pleadings, the pleadings will be reviewed.

Plaintiff's amended complaint states that plaintiff is a resident of Granite City, holds Bachelor of Science and Master of Arts degrees from St. Louis University, and has been employed by defendant as an elementary school teacher for a probationary period of two consecutive school terms, the second of which was completed on June 7, 1963. Plaintiff alleges further that defendant, acting pursuant to the provisions of chapter 122, section 24–11, Ill Rev Stats 1961, informed plaintiff, by registered letter dated March 28, 1963, that his employment as a teacher would not be continued after the close of the current school year, i. e., after June 7, 1963. The letter stated "The reason for termination of your employment is that your present certificate does not meet the requirements of the school district for the fulfillment of your present position." The amended complaint alleges that the written notice did not comply with the requirements of section 24–11 (supra) which provides: "Any teacher who has been employed in any district as a full time teacher for a probationary period of two consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period." Plaintiff further alleges that he acquired tenure status as of June 7, 1963, and

that despite his written request, defendant has refused to employ him during the school year which commenced in September 1963. He alleges the existence of an actual controversy and prays for a declaratory judgment. (Ill Rev Stats 1961, c 110, § 57–1).

Defendant's answer to the amended complaint admits plaintiff was employed by defendant, admits the giving of notice as alleged, and denies plaintiff acquired tenure status.

Plaintiff moved for judgment on the pleadings, the circuit court considered the motion, found that the notice was a valid notice of dismissal, that plaintiff had not acquired tenure status under the provisions of section 24–11, entered judgment for defendant, and this appeal followed.

The sole question presented by the pleadings is whether the notice given by means of the letter of March 28, 1963, complies with the provisions of section 24–11.

██ In Donahoo v. Board of Education of School Dist. No. 303, 413 Ill 422, 109 NE2d 787, the Supreme Court held that the giving of a specific reason for dismissal is mandatory, but counsel have not cited, nor has this court found, any Illinois cases in which the term "specific reason" is defined. We define it to mean that it must fairly apprise the teacher of the alleged deficiency upon which the employer-school board bases its action, and with sufficient specificity to enable the teacher to refute the charge.

██ The notice given plaintiff advised him that his employment was being terminated because his certificate did not meet the defendant school district's requirements for the fulfillment of his present position. This created a single issue, either plaintiff's certificate met the district's requirements, or it did not. Plaintiff makes no issue of whether his certificate, in fact, met the requirements of the school district, whether the requirements were established by prior appropriate action of

36

the school board, and if so established, whether they were reasonable.

In our opinion the reason given in the notice was sufficiently specific to meet the statutory requirement and the judgment of the Circuit Court of Madison County is affirmed.

Judgment affirmed.

EBERSPACHER, J., concurs.

DISSENTING OPINION

MORAN, J.

I cannot believe that the legislature intended that a probationary teacher's employment could be terminated by a school board for the nebulous reason given the appellant. Section 24–11 of chapter 122, Illinois Revised Statutes, 1961, provides that the probationary teacher is entitled to a specific reason for his dismissal. A reason that is not specific is equivalent to no reason. The reason given for appellant's discharge, in my opinion, was not only not specific but was vague, uncertain and indistinct.

I challenge anyone reading this record or the majority opinion to know why appellant was discharged. He was told by letter that his certificate did not "meet the requirements of the school board for the fulfillment of your present position." One could not know the reason appellant was being discharged unless he knew what the requirements of the school district were for appellant's present position. Were the requirements in writing? Were there few or many? If there were many, should not the school board be required to point out which of their many requirements his certificate did not comply with? In Donahoo v. Board of Education of School Dist. No. 303, 413 Ill 422, 109 NE2d 787, our Supreme Court said at 426:

". . . It is our opinion that the provision for the giving of the specific reason for dismissal in said section 24–2 is mandatory and that such notice, containing no reason, fails to comply with the statute.

"In this case, while the notice was in the negative, 'your school contract . . . will not be renewed,' it must be construed as a dismissal, but it is entirely devoid of *any* reason therefor, specific or otherwise. There are many reasons why the legislature included the provision in section 24–2 providing for reasons for dismissal in writing. A board would not so readily dismiss when its reasons therefor will be submitted to the bar of public opinion. Such a statement would give the teacher a chance to know his weaknesses and try to correct. Arbitrary dismissal without a reason assigned therefor might tend to undermine morale of the other members of the teaching staff.

"The notice of dismissal was insufficient in that no specific reason therefor was assigned, as required by the statute, and upon the completion of the second term plaintiff acquired contractual continued service."

In my opinion, the language of Donahoo is pertinent to the present case because the reason given for appellant's discharge was so vague and indefinite as to constitute no reason.

In Hutchison v. Board of Education of Greenfield Community Unit School Dist. No. 10, 32 Ill App2d 247, 177 NE2d 420, the teacher was served a statement that he was being discharged for "failure to effectively perform and carry out your instructional duties." The court in that case said at page 250:

". . . We think such a vague accusation was wholly insufficient to qualify as a specific charge within the meaning of the Tenure Law. If plaintiff was

being dismissed because he refused or neglected to perform certain duties, then he had a right to be informed specifically as to the particular duties alleged to have been breached. Furthermore, if the charges related to a cause which was remediable, then plaintiff should have been given an opportunity to remedy such cause. If plaintiff was not entitled to specific information as to wherein he had failed as a teacher, then the provisions concerning remediable causes would be meaningless."

In my opinion, the notice given in Hutchison was more specific than that given to Wade. Assuming that there was a requirement of the school board which Wade's certificate did not comply with, what if that requirement was as vague as "failure to effectively perform and carry out your instructional duties?"