STEVEN G. BRUNSTROM, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF RIVERDALE COMMUNITY UNIT SCHOOL DISTRICT NO. 100 OF ROCK ISLAND COUNTY, Defendant-Appellee.

Third District   No. 76-505

Opinion filed September 27, 1977.

R. W. Deffenbaugh, of Drach, Terrell & Deffenbaugh, P. C., of Springfield, for appellant.

William Dailey, of Califf, Harper, Fox & Dailey, of Moline, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Steven Brunstrom, was a probationary teacher employed by the defendant, Board of Education of Riverdale Community Unit School District No. 100 of Rock Island County, Illinois. Plaintiff appeals from a denial of his petition for a writ of mandamus which sought to compel the defendant to reinstate him as a full-time teacher for the 1976-1977 school year.

Plaintiff was first employed by the defendant in 1973 and taught for the entire 1973-1974 and 1974-1975 school terms. On or about March 27, 1975, plaintiff was given a written notice which purported to extend his probationary teaching period for an additional year pursuant to section 24—11 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—11). The notice read as follows:

"March 27, 1975

Mr. Steven Brunstrom
502 North High Street
Port Byron, Illinois

Dear Mr. Brunstrom,

Upon the recommendations of your immediate supervisor and the superintendent of schools, the Riverdale Board of Education approved third year probation status for you at its March 24, 1975 meeting. The above status was recommended at this time because we feel you have the ability and talent to be the type of teacher desired in our system, but additional improvement in the areas of: 1) classroom management and organization; 2) presentation of a positive behavioral model to all students; 3) fairness and consistency in dealing with all students as well as teacher matters; and 4) utilization of as many as possible learning approaches to enhance the education of all students (suggestion may come from your peers and your immediate supervisor) will be necessary before tenure status will be granted. It is my hope that such improvement will be obvious and that a year from now we will be in a position to recommend you for tenure.

Sincerely,

s/ *Michael J. Ryan*
Michael J. Ryan
Superintendent"

Plaintiff does not challenge the right of defendant to extend his probationary status for an additional year. Section 24—11 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24-11) provides in pertinent part:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. If, however, a teacher has not had one school term of full-time teaching experience before the beginning of such probationary period, the employing board may at its option extend such probationary period for one additional school term by giving the teacher written notice by registered mail at least 60 days before the end of the second school term of the period of 2 consecutive

school terms referred to above. *Such notice must state the reasons for the one year extension and must outline the corrective actions which the teacher should take to satisfactorily complete probation.*" (Emphasis added.)

The emphasized language in the statute was added by an amendment effective October 1, 1973. The added requirements of written reasons for the extension and an outline of the corrective measures to be taken were the only substantive changes made to the statute by the 1973 amendment.

The precise issue presented by this appeal is whether the notice in the instant case sufficiently complied with the statutory directives of section 24—11 (Ill. Rev. Stat. 1975, ch. 122, par. 24—11) to allow the defendant school board to extend plaintiff's probationary period for one additional year. Ultimately a decision on this issue of statutory construction will determine whether the plaintiff attained contractual continued service status at the end of the 1974-75 school term and whether the petition for writ of mandamus was erroneously denied.

■■ This issue of statutory construction is one of first impression in Illinois. In the case of *Graham v. Board of Education* (5th Dist. 1973), 15 Ill. App. 3d 1092, 305 N.E.2d 310, the Fifth District Appellate Court construed the same section of the School Code under very distinguishable facts. The court there held that an optional third year of probation could not be automatically extended to all probationary teachers of a school district as blanket policy. The court contended that an extension of a teacher's probation to a third year is a special circumstance which requires that the option to so extend be an exercise of the board's discretion with regard to each teacher, individually. Our case is also distinguishable from *Wade v. Granite City Community Unit School District, No. 9* (5th Dist. 1966), 71 Ill. App. 2d 34, 218 N.E.2d 19, where the court was concerned with deciding whether the notice to dismiss a second-year probationary teacher was deficient for failure to state specific reasons for the dismissal. The court concluded, there, that the notice must fairly apprise the teacher of the alleged deficiency with sufficient specificity to enable the teacher to refute the charge. Plaintiff does not seriously contend here that the notice tendered to him failed to allege sufficiently specific reasons for extension of his probation. Whether the reasons set out in the notice of March 27, 1975, by the defendant for extending plaintiff's probation are specific enough need not be resolved by this opinion. The thrust of plaintiff's argument for reversal is that the school authorities failed to make him aware of the means to correct the deficiencies listed in the notice extending probation. The School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—11) specifically requires that the notice extending probationary status to a third year state not only the reasons for the one-year extension but requires that the authorities must

outline the corrective actions which the teacher must take to satisfactorily complete the extended probationary period. A review of the written notice delivered to plaintiff readily leads to the conclusion that defendant failed to include in the written notice any semblance of an outline of corrective actions needed to be taken. The obvious legislative purpose in requiring written notice of the extension of a probationary teacher's probation is to acquaint the teacher with his specific teaching deficiencies which are the reasons for the probation extension, and, to provide the teacher with an outline to guide in correcting any deficiencies within the extended year of probation. The statutory directive of an outline is in clear and concise language. The requirement of an outline of "corrective actions" in addition to the specific reasons for the extension of probation were obviously intended to have some meaning and were not intended to be satisfied by a recitation of the reasons for the extension alone. We agree with plaintiff's contention that the written notice of March 27, 1975, was deficient for failing to provide plaintiff with an outline of corrective actions needed as required by section 24-11 of the School Code.

■■ As an alternative to complying with the formal notice required by statute defendant attempted to justify the failure to include an outline of corrective actions by arguing that plaintiff was apprised informally, following the notice, of the necessary outline of corrective actions he needed to take. The record does not support such an argument. The notice given to plaintiff indicated that the defendant board believed plaintiff had the ability and talent to be the type of teacher the board desired and insisted that he improve in several areas with the additional year of probation in which to make the needed improvements. During his third probationary year plaintiff questioned several members of the administration including his immediate superiors. In each instance no one was able to give him any examples of his teaching deficiencies or any instructions as to how to correct the alleged deficiencies. Also during his third probationary year the evaluations of plaintiff's teaching were determined acceptable, and indicated that the administration found nothing that needed changing.

In such a case as this the failure to comply with the formality of the statute and give the probationary teacher the guidance, either formally or informally, of an outline of corrective actions needed worked to plaintiff's great prejudice. This the statute was intended to prevent. Accordingly we believe the defendant failed to formally outline corrective actions in the notice purporting to extend the probation and in fact informally through oral conferences and evaluations failed to provide plaintiff with even a "de facto" outline of corrective actions.

■■ The case of *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787, is particularly relevant to the case at bar. There the

defendant school board failed to give a second-year probationary teacher the statutory required written notice of dismissal at least 60 days before the end of the school term. Although the notice there was held defective for failing to state any reasons for dismissal the result, the probationary teacher automatically attaining contractural service status because of the defective notice, is controlling here. As a result of defendant's defective and improper notice the plaintiff's probation, in the instant case, was not extended for a third year, and, in the absence of a timely notice of dismissal, plaintiff entered into tenured status at the end of the 1974-1975 school term. To attempt to dismiss plaintiff at the end of the 1975-1976 school term did not comply with the statutory requirements for dismissal of a tenured teacher and the attempted dismissal was therefore ineffective. As the supreme court aptly stated in *Donahoo v. Board of Education* (1952), 413 Ill. 422, 426, 109 N.E.2d 787, 789, "We cannot read out of the statute words which the legislature has placed therein any more than we can read into the statute words which are not within the manifest intention of the legislature as determined by the statute itself."

■■ Exceptions to a statute, such as the teacher tenure law, when intended as qualifications of the general statute must be strictly construed. For the reasons stated the judgment of the Circuit Court of Rock Island County is reversed and the cause remanded to the circuit court for appropriate action not inconsistent with the views expressed in this opinion.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.