FRED R. MANN, Petitioner-Appellant, *v.* BOARD OF EDUCATION OF RED HILL COMMUNITY UNIT SCHOOL DISTRICT NO. 10, Respondent-Appellee.

Fifth District   No. 79-294

Opinion filed March 14, 1980.

James W. Sanders and Associates, of Marion, for appellant.

Miller & Tracy Law Offices, P. C., of Monticello, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

The petitioner, Fred R. Mann, was a probationary teacher whose employment was terminated at the end of the 1976-1977 school year by the respondent Board of Education of Red Hill Community Unit School District No. 10 (Board).

Mann appeals from a dismissal of his petition for writ of mandamus which sought to compel the Board to reinstate him as a full-time teacher and to pay damages in the amount of back pay accruing from the date of his termination.

Mann was first employed as a junior high school music teacher by the Board in 1974 and taught for the entire 1974-1975 and 1975-1976 school years. On March 26, 1976, the president of the Board sent a written notice to Mann which purported to extend his probationary teaching period for an additional year pursuant to section 24—11 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—11). The notice read as follows:

"March 26, 1976

Mr. Fred Mann, Teacher
Red Hill Junior High School
Sumner, IL 62466
Dear Mr. Mann:

The Board of Education did vote to extend your probationary period to the 1976-77 school year. You should plan to improve your teaching skills during the year. Some of the improvements needed are:

1. Better control of students during band and chorus periods.
2. More preparation and planning so that students know what you are trying to do.
3. Establishing goals so that students know what is expected.
4. More challenges for good music students.
5. Special help for less capable students.
6. More enthusiasm so that students believe you think music is very important—at least while they are under your control.
7. Raise the Junior High Music Program to the highest level possible.
8. Create a very positive influence on all music students.

You should feel free to discuss your program with the Principal, Music Coordinator, or the Superintendent. You will be evaluated during the school year to help you improve your teaching skills.

Sincerely,

Dwight Eaton, President
Board of Education
s/ DWIGHT EATON."

In this appeal, Mann does not challenge the right of the Board to extend his probationary status for an additional year but rather challenges the sufficiency of the letter of March 26, 1976, to serve as a written notice of such extension under section 24—11 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—11). Section 24—11 provides in pertinent part that:

"If * * * a teacher has not had one school term of full-time teaching experience before the beginning of such [2 consecutive school terms] probationary period, the employing board may at its option extend such probationary period for one additional school

term by giving the teacher written notice by registered mail at least 60 days before the end of the second school term of the period of 2 consecutive school terms referred to above. *Such notice must state the reasons for the one year extension and must outline the corrective actions which the teacher should take to satisfactorily complete probation."* (Emphasis added.)

Mann's specific contention is that the notice of March 26, 1976, was not effective because it failed, as required by the above emphasized portion of the statute, to "outline the corrective actions" he should have taken within the extended year of probation. In support of this contention, Mann asserts that the present notice is "almost identical" to that considered by the court in *Brunstrom v. Board of Education* (1977), 52 Ill. App. 3d 653, 657, 367 N.E.2d 1065, 1067, and found to be ineffective because it lacked any semblance of an outline of corrective actions.

■■ To our knowledge, the *Brunstrom* decision is the only reported case in Illinois in which a reviewing court has passed upon the sufficiency of a notice of a probation extension as an outline of corrective actions. In our opinion, the content of the notice in *Brunstrom* is not sufficiently similar to that of the present notice to compel us to reach the same decision as the *Brunstrom* court.[1] As a practical matter, the legal sufficiency of a notice of probation extension must, of necessity, be determined on the facts present in an individual case. While we agree with the *Brunstrom* court that the statutory requirement of an outline of corrective actions was "not intended to be satisfied by a recitation of the reasons for the extension alone" (52 Ill. App. 3d 653, 657, 367 N.E.2d 1065, 1068), we cannot say that it was intended to require boards to provide a list of specific acts the doing of which would assure that the probationary teacher would receive tenure. There are many areas of a teacher's performance which are not susceptible to being reduced to a step-by-step approach so that a board may say with any precision what particular acts would cure a teacher's deficiencies. Moreover, we note that it would not necessarily be healthy for our school system if our boards of education were to articulate the precise means by which teachers are to reach the goal of effectively instructing their students. Such action would severely restrict the creative atmosphere of the classroom and ultimately impede the flow of information between students and teachers.

---

[1] In *Brunstrom*, 52 Ill. App. 3d 653, 655, 367 N.E.2d 1065, 1066, the relevant portion of the notice was:

"[A]dditional improvement in the areas of: 1) classroom management and organization; 2) presentation of a positive behavioral model to all students; 3) fairness and consistency in dealing with all students as well as teacher matters; and 4) utilization of as many as possible learning approaches to enhance the education of all students * * * will be necessary before tenure status will be granted."

Although several of the points contained in the notice sent to Mann were indeed as vague as those involved in *Brunstrom*, we believe that most of the suggestions especially "[b]etter control of students during band and chorus periods," "[m]ore challenges for good music students" and "[s]pecial help for less capable students," were sufficient to provide Mann with an outline of the corrective actions which were necessary for him to take in order to complete successfully his probationary period.

Affirmed.

KARNS and KASSERMAN, JJ., concur.