Victor ASEVEDO, Petitioner,

v.

ANCHORAGE SCHOOL DISTRICT,
Respondent.

No. S–5089.

Supreme Court of Alaska.

June 25, 1992.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

On consideration of the petition for review, filed on May 11, 1992, and the response to the petition, filed on May 26, 1992,

IT IS ORDERED:

1. The petition for review is denied on the issue of whether petitioner has a right to trial by jury in a proceeding conducted under AS 14.20.205.

2. The petition is also denied on the issue of whether the trial court erred in imposing sanctions against the petitioner.

3. The petition for review is granted on the issue of whether the *de novo* trial required under AS 14.20.205 must entail the opportunity to present new evidence or merely calls for a *de novo* review on the evidence presented in the administrative hearing.

4. The trial court's order that the *de novo* trial requirement of AS 14.20.205 is satisfied by a proceeding in which the trial court acts as the original fact finder based on the evidence presented in the administrative hearing is reversed. *De novo* review based on the record is appropriate in certain circumstances. *Kott v. City of Fairbanks*, 661 P.2d 177, 180 n. 1 (Alaska 1983); *State v. Lundgren Pacific Construction Co.*, 603 P.2d 889, 896 n. 18 (majority opinion) and 898–99 (Matthews, J., concurring) (Alaska 1979). While such a procedure may be referred to as a *de novo* trial, *see Kott* and *Lundgren,* the most common meaning of the term *de novo* trial is a proceeding where there is both a new evidentiary hearing and original fact finding. It is our view that the legislature contemplated such a proceeding in enacting AS 14.20.205.[1] We suggested such a conclusion in *Matanuska–Susitna Borough v. Lum*, 538 P.2d 994, 1001 (Alaska 1975), when, in discussing AS 14.20.205, we cited a Washington decision which construed a similar statute "to require no less than a determination by the trial court which was 'independent of any conclusion of the school board, and ... based solely upon the evidence and testimony which the trial court receives.'" (quoting *Hattrick v. North Kitsap School Dist.,* 81 Wash.2d 668, 504 P.2d 302, 303 (1972)).

---

1. By illustrative contrast the legislature granted the superior court discretionary authority in most administrative appeals to hold a "trial *de novo,* in whole or in part." AS 22.10.020(d). A trial *de novo* "in part" would describe, among other things, original fact finding based on the administrative record. *See Kott v. City of Fairbanks,* 661 P.2d 177, 180 n. 1 (Alaska 1983).