Evie LINSTAD, Appellant,

v.

SITKA SCHOOL DISTRICT, Appellee.

No. S–4958.

Supreme Court of Alaska.

Nov. 26, 1993.

Chrystal Sommers Brand, Baxter, Bruce, Brand & Rodriguez, Juneau, for appellant.

Robert P. Blasco, Robertson, Monagle & Eastaugh, P.C., Juneau, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

After an independent review of the record, the superior court upheld the decision of the Sitka School District not to retain Evie Linstad for the 1990–91 school year. Linstad, a tenured teacher, challenges several of the superior court's procedural rulings and its final decision. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Sitka School District (District) employed Evie Linstad as a special education teacher from 1977–1990. Yearly evaluations of Linstad's teaching performance were generally positive, but they indicated longstanding problems regarding her ability to maintain an effective working relationship with fellow teachers and, to a lesser degree, her ability to develop clear and effective lesson plans.

In 1986 Terry Coon became the principal of Linstad's school and her supervisor. Linstad received very poor evaluations from Coon.[1] In 1989 Coon recommended that Linstad not be retained for the 1989–90 school year. Nonetheless, the Sitka School District Board of Education (Board) did not accept this recommendation and Linstad returned for the 1989–90 school year.

During the 1989–90 school year Linstad's relationship with Coon became highly adversarial.[2] In December 1989, pursuant to the Negotiated Agreement between the District and its teachers, Coon and District Superintendent Art Woodhouse notified Linstad that her "teaching performance

[wa]s so deficient that it may affect [he]r continued employment" with the District. The notice directed Linstad to discuss with her superiors "remedial action to correct this deficiency." In February 1990 Coon gave Linstad another very poor evaluation and recommended that she not be retained for the following school year.

The District accepted Coon's recommendation and gave Linstad notice that she would not be retained for the 1990–91 school year. Pursuant to statute, the notice specified the grounds of nonretention as "incompetency" and "substantial noncompliance" with state law and school policies. *See* AS 14.20.175 (a tenured teacher is subject to nonretention only for incompetency, immorality, substantial noncompliance with school law, or a necessary reduction of staff). The notice also contained a bill of particulars as required by AS 14.20.-180(a).[3]

The Board held a three-day nonretention hearing for Linstad in April 1990. In May 1990 the Board decided by unanimous vote not to retain Linstad due to demonstrated incompetence in the performance of her duties and substantial failure to comply with statutes, regulations and District policies. After this decision, Linstad sought judicial review in the superior court pursuant to AS 14.20.205, which provides in part. that "[i]f a school board reaches a decision unfavorable to a teacher, the teacher is entitled to a de novo trial in the superior court."

After a pretrial hearing in December 1990, Superior Court Judge Larry Zervos asked the parties to decide whether they wished to proceed with the matter as an appeal or as a *de novo* trial. Judge Zervos ruled that if the matter was to proceed as a *de novo* trial, "the school district [would] not [be] bound by the bill of particulars

---

1. Coon included with the evaluation forms detailed critiques of Linstad's performance. He cited problems with punctuality and classroom discipline, as well as continued problems with lesson planning and working relationships.

2. The record contains numerous interoffice memoranda displaying a breakdown of communication and a complete lack of mutual respect

or professional esteem between Linstad and Coon.

3. The statute provides that "[a]n employer shall include in a notification of ... nonretention or dismissal of a tenured teacher, *a statement of cause and a complete bill of particulars.*" AS 14.20.180(a) (emphasis added).

that had been filed during the non-retention hearing." The court stated:

> The ruling to allow the district to deviate from the bill of particulars was premised on the fact that a trial *de novo* should provide a forum for a full and final inquiry into all the issues raised. Because of the limited time and procedure provided by the nonretention hearing process, some issues, on both sides, may not have been adequately developed. Since the statute authorizes a new trial, it is the court's interpretation that the procedures followed in this case should be the same procedures as in any other civil case.

Linstad argued that the ruling denied her fair notice and allowed the District to avoid its statutorily mandated duty to give her a "complete bill of particulars." AS 14.20.-180(a). In response, the court noted that "[a]dequate discovery procedures and the rules of evidence should protect Ms. Linstad from the problems raised in her objection." While preserving her objection to these rulings, Linstad chose to have an independent review of the record, rather than a *de novo* trial.

In December 1991 the court upheld the Board's nonretention decision. The court explicitly stated that it had "independently reviewed the record before the school board to determine whether the decision to nonretain Linstad was supported by a preponderance of the evidence."[4] The court concluded in the affirmative and this appeal followed. AS 22.05.010(a); Alaska R.App.P. 202(a).

## II. DISCUSSION

Alaska Statute 14.20.180 describes the administrative procedure that is utilized when a tenured teacher has been given a notice of nonretention. AS 14.20.180; *Corso v. Comm'n of Educ.*, 563 P.2d 246, 247 n. 8 (Alaska 1977). Pursuant to this statute, a school board must provide a tenured teacher with (1) "a statement of cause and a complete bill of particulars" of the charges for nonretention, and (2) a hearing. AS 14.20.180(a)–(b). If the Board reaches a decision unfavorable to a tenured teacher, the statutory framework provides the teacher an additional protection—the right to a *de novo* trial in the superior court. AS 14.20.205.

Linstad argues that the superior court erred in its interpretation and application of section 205. Citing the explicit statutory guarantee of *de novo* review, Linstad argues that the trial court erred in forcing her to elect between a *de novo* trial and a review of the Board record. Linstad further argues that the court erred in holding that the Board could deviate from the original bill of particulars if Linstad chose to have a *de novo* trial. In essence, Linstad argues that the bill of particulars requirement binds the District not only before the Board, but also before the superior court if the teacher exercises her right to a *de novo* trial under AS 14.20.205.[5]

■ We agree that the superior court erred in making Linstad choose between a *de novo* trial and a review of the record. The statute provides tenured teachers the

---

**4.** Because Linstad elected to have an independent review of the record, the court limited the scope of its review to those allegations included in the bill of particulars. However, noting that Linstad herself had introduced evidence dealing with events occurring before the 1989–90 school year, the court did not limit its review to that year alone. Instead, it examined "all evidence presented to the board at the hearing that relates to the allegations raised in the 'Bill of Particulars.'"

Linstad claims that the trial court erred in giving her an "intermediate level" of review. If the election itself was proper, the court did not err in giving Linstad the precise level of review which she requested in her notice of election, an

"*independent review* of the evidence before the school board." The court conducted original fact finding based on the administrative record. *See Asevedo v. Anchorage Sch. Dist.*, 843 P.2d 1209 (Alaska 1992) (describing this type of review as a *de novo* trial "in part").

**5.** The District does not squarely address Linstad's argument, but instead argues that the court allowed the District to go beyond the bill of particulars because Linstad had raised new allegations in her wrongful termination action. The District claims that the court simply "reminded Linstad about how a jury trial works when a party files a civil complaint and what rules apply." The District mischaracterizes the court's ruling.

right to a *de novo* trial, and makes no mention of other available levels of review. AS 14.20.205. Further, we have previously held that the *de novo* requirement of AS 14.20.205 is not satisfied by "a *de novo* review on the evidence presented in the administrative hearing." *Asevedo v. Anchorage Sch. Dist.*, 843 P.2d 1209 (Alaska 1992). The superior court thus erred in forcing Linstad to choose between a *de novo* trial and a review of the record.[6]

■ We must now determine the scope of the *de novo* trial to which Linstad was entitled. In *Asevedo*, we discussed the *de novo* trial under AS 14.20.205: "[T]he most common meaning of the term *de novo* trial is a proceeding where there is both a new evidentiary hearing and original fact finding. It is our view that the legislature contemplated such a proceeding in enacting AS 14.20.205." *Id.* *Asevedo* did not address, however, whether the Board could deviate from the original bill of particulars during the trial before the superior court. Accordingly, this question is one of first impression for this court.[7]

■ Pursuant to section 205, the superior court reviews the Board's nonretention decision *de novo*, i.e., "as if the proceeding had been originally brought in the reviewing court." 2 Am.Jur. *Administrative Law* 2d § 698, at 597 (1962). Consistent with *Asevedo*, this means that new evidence may be presented and that the superior court must engage in original fact

finding. *Asevedo*, 843 P.2d at 1209. It does not mean, however, that the school district can change the allegations which form the basis for its nonretention decision. The bill of particulars requirement under section 180 prevents a district from changing tactics or bolstering its case during the middle of the administrative process. So too should it protect the teacher who chooses to have the Board's decision reviewed *de novo* in the superior court.

■ We therefore hold that the bill of particulars provision of section 180 operates as a limitation on the scope of the *de novo* trial guaranteed by section 205.[8] Although section 205 was enacted for the benefit and protection of tenured teachers, the superior court's interpretation of AS 14.20.205 could actually work to a teacher's detriment. The court's ruling would provide a district with a fresh opportunity to bolster its nonretention decision, and would make it likely that a teacher would have to spend more time, effort and money to meet any additional charges. Since the superior court essentially supplants the Board and redecides the case, it makes sense to apply the bill of particulars limitation to the *de novo* trial in the superior court. Furthermore, this decision is supported by the policies underlying both the statutory framework generally, and the teacher's right to *de novo* review specifically.

We have previously noted the importance of both the tenured teacher's interest in a

---

6. Linstad originally requested a *de novo* trial in accordance with her statutory right. Despite this request, however, the superior court gave Linstad a choice between a *de novo* trial and an appeal on the record. Further, the court made clear that the Board would be allowed to deviate from the bill of particulars if Linstad chose a *de novo* trial. In so doing, the superior court failed to follow the dictates of AS 14.20.205, and improperly influenced Linstad to forego the right to a *de novo* trial guaranteed by AS 14.20.-205. We do not suggest, however, that an independent review of the record would be inappropriate where a new evidentiary hearing is not sought.

7. Because questions of law and statutory construction are presented here, this court will apply its independent judgment to resolve the issue. *Forest v. Safeway Stores, Inc.*, 830 P.2d 778, 780 n. 3 (Alaska 1992).

8. This limitation does not undermine the *de novo* nature of the trial court's review. "A trial or hearing 'de novo' means trying the matter anew the same as if it had not been heard before and as if no decision had been previously rendered." 2 Am.Jur.2d *Administrative Law* § 698, at 597 (1962). While a *de novo* trial may be different in many respects from the original administrative hearing, the essential aspect of such a trial is the authority of the reviewing court to exercise its independent judgment. In other words, the reviewing court must be authorized to make an entirely independent determination, unencumbered by any presumptions regarding the administrative decision. *Id.* at 598. Our decision today protects this essential element.

nonretention decision, and the mandatory right to *de novo* review of that decision:

> The decision not to retain a tenured teacher may have an enormous impact on that teacher's career. This consideration must have weighed heavily in the minds of the legislature when they granted the unusual right to trial de novo. There is no question that a judicial body, often further removed from the political pressures involved in a teacher nonretention dispute, will provide a more objective perspective of the proceedings.

*Jerrel v. Kenai Peninsula Borough Sch. Dist.,* 567 P.2d 760, 766 (Alaska 1977).[9] Because sections 180 and 205 were enacted for the benefit and protection of tenured teachers, we interpret these sections to give effect to this goal.

## III. *CONCLUSION*

We hold that the superior court erred in making Linstad choose between a *de novo* trial and review of the record. Further, we conclude that the court erred in ruling that the Board could deviate from the original bill of particulars if Linstad chose *de novo* trial. Accordingly, we REVERSE and RE-

---

**9.** In *Matanuska–Susitna Borough v. Lum,* 538 P.2d 994 (Alaska 1975), we also noted several policy reasons underlying the mandatory right to a *de novo* trial. For example, we stated that "[i]t is well known that the composition of many school boards is not such as to endow them with fact-finding expertise in matters of teacher nonretention." *Id.* at 1001. We also noted that the teacher is faced with the loss of a very important right—the teacher's source of income. *Id.*

**1.** AS 14.20.175 provides the only grounds for which a tenured teacher is subject to nonretention. AS 14.20.180 requires a school district to include "a statement of cause and a complete bill of particulars" in any notice of nonretention given to a tenured teacher, and affords the teacher the right to an administrative hearing before the school board. If the school board reaches an unfavorable decision, the teacher, upon request, is entitled to a *de novo* trial in the superior court. *See* AS 14.20.205.

**2.** The limitation also appears to conflict with the fact that a *de novo* trial is, by definition, "[a] trial ... in which the whole case is gone into as if no trial whatever had been had in the court

---

MAND for further proceedings consistent with this opinion.

BURKE, J., dissents in part.

BURKE, Justice, dissenting in part.

I respectfully dissent from that part of today's decision limiting the school district, in a *de novo* trial under AS 14.20.205, to the nonretention grounds detailed in the bill of particulars included in the notice of nonretention given to Linstad pursuant to AS 14.20.180.

The Alaska Legislature clearly intended to guarantee fair treatment for tenured teachers threatened with nonretention.[1] The majority, bent on providing maximum protection to such teachers, construes the right to a *de novo* trial provided in AS 14.20.205 as including the right to a trial limited in scope to the grounds for nonretention described in the bill of particulars mandated by AS 14.20.180. Neither of the two sections, nor the Alaska Rules of Civil Procedure,[2] imposes such a limitation. Section 14.20.205 is totally silent on the issue. Although section 14.20.180 requires a "complete bill of particulars" in the notice of nonretention given to a tenured teacher, it does not purport to apply that requirement, nor any other, to proceedings held in the superior court.[3] The Alaska Rules of

---

below." Black's Law Dictionary (6th ed. 1986); *see also Yepes–Prado v. U.S. Immigration & Naturalization Serv.,* — F.2d — 1993 WL 394469, at *2 n. 5 (9th Cir. Oct. 8, 1993).

**3.** The state's legislative power undoubtedly includes the power to enact rules governing school district practices and procedures in teacher nonretention cases. *See* Alaska Const. art. II, § 1. Thus, the legislature is free to impose procedural requirements such as those contained in AS 14.20.180 upon school districts and teachers. Linstad's *de novo* trial, however, will be held in the superior court. Section 14.20.180 does not even pretend to regulate practice and procedure in the superior court, and if it did, the statute would be invalid. Only this court, the supreme court, has the power to "make and promulgate rules governing practice and procedure in civil and criminal cases in [the] courts." Alaska Const. art. IV, § 15. Thus, the Alaska Civil Rules govern all proceedings in the superior court. The legislature, while it has the power to change such rules "by two-thirds vote of the members elected to each house," has no power to make them. *Id.; Channel Flying, Inc. v. Bernhardt,* 451 P.2d 570 (Alas-

Civil Procedure govern such proceedings. *See supra* note 3.

The majority treats Linstad's career interests as paramount. Her interests, however, while undoubtedly important and worthy of protection, are certainly no *more* important than the public's interest in identifying and eliminating incompetent teachers, and the children's "right" to receive a quality education in a conducive environment.[4]

As long as a teacher is given adequate notice of all charges to be considered in his or her *de novo* trial, and a fair opportunity to defend against those charges, no sound policy reason exists to prevent a school district from using the available evidence bearing upon the teacher's fitness to maintain his or her teaching position, regardless of whether the notice of nonretention included such evidence.[5]

ka 1969). (Note: No such change has been made in any of the Civil Rules applicable to this proceeding.)

4. I do not intend to pass judgment upon Linstad's performance as a teacher, nor upon the question of whether she is entitled to maintain her teaching position. My remarks are directed only toward that portion of today's decision limiting the scope of the *de novo* trial required by AS 14.20.205.

5. The majority suggests that the school district could "disadvantage" the teacher by bolstering its nonretention decision with new evidence. This seems generally unlikely, since the teacher is the only party that can request a *de novo* trial. AS 14.20.205. Op. at 841. If the district loses at the school board hearing, there is no *de novo* trial. Thus, the district has an interest in putting forward all of its evidence during the administrative hearing. The district had no incentive to withhold relevant evidence until the *de novo* trial. At any rate, in light of the important policy reasons discussed above, I see no good reason to restrict the evidence that the district can present at a *de novo* trial to the matters contained in the bill of particulars.