Evie LINSTAD, Appellant,

v.

SITKA SCHOOL DISTRICT, Appellee.

No. S–7493.

Supreme Court of Alaska.

July 31, 1998.

Evie Linstad, pro se, Sitka.

Robert Blasco, Robertson, Monagle & Eastaugh, Juneau, for Appellee.

Before MATTHEWS, C.J., and COMPTON, FABE and BRYNER, JJ.

### OPINION

COMPTON, Justice.

### I. *INTRODUCTION*

Evie Linstad was a tenured special education teacher employed by the Sitka School District. She appeals a decision of the superior court affirming, on *de novo* review, the District's decision to not retain her for incompetency. We affirm.

### II. *FACTS AND PROCEEDINGS*

Terry Coon was the principal of the school at which Linstad taught. He believed that her teaching was deficient. In September 1989 he formulated an "Individual Assistance Plan" for Linstad. This plan identified specific areas in which Linstad's teaching was deficient and set forth specific objectives for improvement. Among the areas in which Linstad was required to improve were Student Discipline, Working Relationships, and Lesson Plan.

In December 1989 Coon believed that Linstad's teaching had not sufficiently improved. Art Woodhouse, the District superintendent, agreed. That month Coon and Woodhouse sent Linstad a Notification of Deficient Performance, thereby notifying Linstad that her performance was so deficient it could affect her continued employment. By the terms of her employment agreement, she was given until March 1990 to "take remedial action to correct this deficiency."

In March 1990 Woodhouse sent Linstad a letter notifying her that she would not be retained for the next school year. This letter set forth a bill of particulars, specifying the reasons why Linstad would not be retained. These included deficiencies in Behavior Management and Delivery of Lessons. In response to a request from Linstad's attorney, the attorney for the school board provided a letter with additional particulars.

Linstad requested and received a hearing before the Sitka School Board on her non-retention. The Board upheld the decision not to retain Linstad. Linstad then requested *de novo* review in the superior court. The superior court forced Linstad to choose between proceeding with the matter as an appeal (in which case review would be limited to issues raised in the bill of particulars) or a *de novo* trial (in which case review would not be limited to the issues raised in the bill of particulars). Linstad chose the appeal format but objected to the necessity of making that choice. The superior court upheld the Board's decision on appeal.

Linstad appealed to this court, arguing that she should have received *de novo* review limited to the charges contained in the bill of particulars. *See Linstad v. Sitka School District,* 863 P.2d 838, 840 (Alaska 1993) (Linstad I). This court reversed and remanded, explaining that Linstad was indeed entitled to a *de novo* review in the superior court, limited to the charges contained in the bill of particulars. *See id.* at 842.

On remand, the superior court again upheld the Board's decision on two grounds: incompetence in behavioral management, and incompetence in coordinating her activities with the administration and other teachers (under the heading "Delivery of Lessons"). Linstad again appeals.

## III. *DISCUSSION*

The issues Linstad raises on appeal may be consolidated into the following:

(1) Did the superior court err by considering evidence outside the bill of particulars?

(2) Did the superior court err in determining that Linstad was properly non-retained for incompetence?

(3) Was the superior court biased, such that a remand to a new judge is necessary?

(4) Arguments not raised below.

Because we conclude that the Board's decision to not retain Linstad may be upheld based solely on Linstad's deficiency in behavior management, we address only issues concerning that deficiency.

A. *With Respect to the Behavior Management Issue, Did the Superior Court Err by Considering Evidence outside the Bill of Particulars?*

■ Alaska Statute 14.20.180(a) provides that "[i]f ... an employer [of a teacher] determines that dismissal is appropriate, the employer shall provide written notice, including a ... complete bill of particulars, of the decision." In *Linstad I*, this court determined that the superior court's review of the Board's decision should be limited to the charges contained in the bill of particulars. *See Linstad,* 863 P.2d at 842.

The bill of particulars stated that Linstad had not "implemented an effective behavior management plan for [her] classroom." Upon a request for a more definite statement, the District referred Linstad to two things. One was Coon's dissatisfaction with the way she disciplined students, which he found disruptive of her class and of his office. The other was certain of Coon's evaluation memos and classroom-observation notes.

Linstad suggests that the District was required to place all specific allegations of improper behavior management, with the dates of their occurrences, in the bill of particulars. The District argues that notice of the general category of incompetence in behavior management is sufficient, as Linstad had actual

notice of "specific examples of the problem well ahead of trial."

We find the District's position to be the more persuasive. On point is *Grissom v. Board of Education,* 75 Ill.2d 314, 26 Ill.Dec. 683, 388 N.E.2d 398 (1979). A tenured teacher had been dismissed and requested a hearing and a bill of particulars. *See id.,* 388 N.E.2d at 399. The board sent him a bill which supplied the reasons for his dismissal but did not supply dates, names, or specific examples. *See id.,* 388 N.E.2d at 400–01. He claimed that the bill was thus insufficiently specific. *See id.,* 388 N.E.2d at 400. The Illinois Supreme Court disagreed, finding that "[t]he essence of sufficient specifications ... is that '[they] must fairly apprise the teacher of the alleged deficiency ... to enable the teacher to refute the charge.' " *Id.,* 388 N.E.2d at 401 (second omission in original) (quoting *Wade v. Granite City Community Unit Sch. Dist., No. 9,* 71 Ill.App.2d 34, 218 N.E.2d 19, 20 (1966)). The court concluded that "the notice and bill of particulars fairly apprised the plaintiff of the basis of his dismissal." *Id.* Similarly, in the instant case we conclude that the bill of particulars, coupled with the clarifying letter from the school board's attorney, fairly apprised Linstad of the basis for her dismissal. No more was required.

**B.** *Did the Superior Court Err in Determining that Linstad Was Properly Non–Retained for Incompetence in Behavior Management?*

**1.** *Standard of Review*

We review the superior court's findings of fact to determine whether they were clearly erroneous. *See Kilmer v. Dillingham City Sch. Dist.,* 932 P.2d 757, 763–64 (Alaska 1997). We will reverse only if we have a "definite and firm conviction that a mistake has been made." *Id.* at 764. If the findings of fact were not clearly erroneous, we then determine whether, on those facts, the trial court properly found Linstad to be incompetent as a matter of law. *See id.* at 764. "On questions of law, this court is not bound by the lower court's decision.... [This court's] duty is to adopt the rule of law that is most persuasive in light of precedent,

reason, and policy." *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979) (citation omitted).

**2.** *The trial court's factual findings (regarding Linstad's alleged incompetence in Behavior Management) are not clearly erroneous.*

The trial court's relevant findings of fact can be summarized as follows:

(1) Upon observing that Linstad's behavior-management techniques were rather haphazard and inconsistent, Principal Coon directed her to prepare a written behavior-management plan. Coon never thought that the plan that Linstad prepared was acceptable. More importantly, however, Linstad only grudgingly changed her method of behavior management and never was able to deal effectively and appropriately with behavior-management problems even after substantial assistance.

(2) Linstad did not have clear guidelines for use of the "time out corner." Coon required her to provide written guidelines and instructed her to use a chair in the corner instead of requiring students to sit on a step on the floor. While Linstad clarified in writing her use of the time out corner, she did not put a chair in the corner, as directed by Coon. Linstad did not believe that a chair was necessary, and Coon was forced to make repeated requests that Linstad use the chair before Linstad grudgingly complied about a month later. While we recognize that Coon's request was minor, this example was indicative of Linstad's resistance to change even after substantial guidance.

(3) Linstad inappropriately used the administrative office as a disciplinary tool. On one occasion, when Linstad had a discipline problem with one of her students, she had another special education student escort the child to the administrative office. The disruptive child was left in the office for approximately forty minutes because Linstad did not want him in class. On another occasion, Linstad brought her entire class to the administrative office in order to telephone a disruptive child's mother. Coon objected to this because it was not an agreed-upon tech-

nique in the behavior-management plan, and it allowed one unruly child to disrupt all of the other students. Despite Coon's objections, Linstad persisted in her use of this technique on at least two other occasions.

3. *As a matter of law, the trial court's findings support its conclusion that Linstad was properly non-retained for incompetence.*

 The statutory definition of incompetence is "the inability or the unintentional or intentional failure to perform the teacher's customary teaching duties in a satisfactory manner." Former AS 14.20.175(b)(1) (in force at the times relevant to the instant case). We conclude that the trial court's finding that Linstad "never was able to deal effectively or appropriately with behavior management problems even after substantial assistance" is sufficient, as a matter of law, to support its conclusion that Linstad could be discharged for incompetence.

C. *Was the Superior Court Biased, Such that a Remand to a New Judge Is Necessary?*

 The essence of Linstad's argument is as follows: In 1991 the trial court considered matters outside the bill of particulars, this court told it not to, therefore it was biased against her in later proceedings. Linstad provides no legal authority for the proposition that when a trial court is overruled, it is presumed to be biased against the appealing party. Nor does Linstad provide any factual basis, other than her loss below, on remand, to support her allegation of bias. This argument is not well taken.

D. *Arguments Not Raised Below*

 Arguments related to the collective bargaining agreement and arguments regarding the Board's meeting in executive session were not raised below. No argument is made that failure to consider these arguments would result in plain error. We will not consider these arguments for the first time on appeal. *See Tenala, Ltd. v. Fowler,* 921 P.2d 1114, 1124 (Alaska 1996) (noting that, absent plain error, this court will de-

cline to review issues not raised before the trial court).

IV. *CONCLUSION*

We AFFIRM.

EASTAUGH, J., not participating.