STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 58-5-19 Vtec

---

Pleasant Valley Farms MFO Denial

---

# ENTRY REGARDING MOTION

Appeal from Dept of Agriculture Large Farm Operations determination (58-5-19 Vtec)

Title:            Motion to Clarify SOQ (Motion 1)

Filer:           Agency of Agriculture

Attorney:    Melanie Kehne

Filed Date:  October 18, 2019

Response in Opposition filed on 10/29/2019 by Attorney Joan W. D. Donahue
for Appellant Pleasant Valley Farms, LLC

Reply filed on 11/12/2019 by Attorney Melanie Kehne for the Agency of Agriculture

**The motion is GRANTED.**

Pleasant Valley Farms of Berkshire, LLC ("PVF") is the owner and operator of several dairy farms in northwestern Vermont, including the Lumbra Farm located at 1567 Skunk Hollow Road in Berkshire, Vermont ("Lumbra Farm").[1]  In the present matter, PVF appeals the State of Vermont Agency of Agriculture, Food, and Markets' ("AAFM") denial of coverage under the 2018 Medium Farm Operations General Permit ("MFO GP") for Lumbra Farm.[2]  Presently before the Court is AAFM's motion to clarify and/or revise specific issues in PVF's Statement of Questions pursuant to V.R.E.C.P.  2(d)(2)(iv).

In the interest of clarity and to provide context, this Court recognizes that this case constitutes PVF's second appeal of AAFM's denial for coverage under an MFO GP.  Pleasant Valley Farms Permit MFO, No. 26-3-18 Vtec slip op. at 1 (Vt. Super. Ct. Envtl. Div. June 28, 2019) (Durkin, J.).  In the first appeal ("2018 Appeal"), PVF sought coverage under the 2012 MFO GP and was denied coverage upon a determination "that the expanded barn has been designed to house more than the [Large Farm Operation] threshold number of animals listed in 6 V.S.A. § 4851."  AAFM denial ltr., dated Feb. 19, 2018.  While the 2018 Appeal was pending, PVF applied for, was

---

[1]  PVF owns and operates farms in the towns of Berkshire, Richford, St. Albans, and Enosburg.

[2]  PVF previously appealed AAFM's denial of coverage under the 2012 MFO GP to this Court, which was dismissed without prejudice based upon the parties' stipulation that the appeal was moot.  Pleasant Valley Farms MFO, No. 26-3-18 Vtec slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 12, 2019) (Durkin, J.).

denied, and appealed the new denial of coverage under the 2018 MFO GP. Pleasant Valley Farms Permit MFO, No. 26-3-18 Vtec at 1 (June 28, 2019). Due to the expiration of the 2012 MFO GP and the parallel nature of questions underpinning the 2018 Appeal and the present appeal, this Court held a status conference and dismissed without prejudice the 2018 Appeal. Id. This Court's Stipulated Order dismissing the 2018 Appeal provided that issues unresolved in the 2018 Appeal may be addressed in the new appeal under the 2018 MFO GP.

The present appeal concerns the 2018 MFO GP and reflects the same general concern as the 2018 Appeal. See Pleasant Valley Farms MFO, No. 26-3-2-18 Vtec slip op. at 2–5 (Vt. Super. Ct. Envtl. Div. Feb. 20, 2019) (Durkin, J.). Namely, these cases concern whether PVF's planned livestock barn expansion at the Lumbra Farm satisfies the statutory requirements of being classified as a medium farm operation such that it may seek authorization to act under the General Permit for Medium Farm Operations.

AAFM's motion to clarify raises multiple arguments concerning Questions 1, 2, 4, and 5 of PVF's Statement of Questions. PVF Statement of Questions, filed May 28, 2019, at 1 (hereinafter "PFV SoQ"). First, AAFM asserts Questions 1, 2, and 5 improperly limit the scope of *de novo* review in this appeal pursuant to 10 V.S.A. § 8504(h). Second, AAFM contends Question 4 necessarily implies the resolution of a key issue in PVF's favor. Third, AAFM requests the correction of a rule reference error in Question 2. These arguments are addressed in order below.

### Legal Standard

We regard a Statement of Questions filed by an appellant in an Environmental Division proceeding as being similar to a complaint in a civil case. In re Rivers Development, LLC, No. Nos. 7-1-05 Vtec, 68-3-07 Vtec, slip op. at 15 (Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.). As such, "the statement of questions should be a short, concise and plain statement that will establish the scope of the appeal, and ultimately, the scope of the issues for trial." In re Champlain Marina, Inc., No. 28-2-09 Vtec, slip op. at 1–2 (Vt. Envtl. Ct. July 31, 2009) (quoting Appeal of Rivers Dev., LLC, Nos. 7-1-05 Vtec & 68-3-07 Vtec, slip op. at 14 (Corrected) (Vt. Envtl. Ct. Jan. 18, 2008) (Durkin, J.)); accord Pleasant Valley Farms Permit MFO, No. 26-3-18 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. July 09, 2018). The questions must be sufficiently clear to give the Court and the other parties notice of the grounds on which the appellant's claims rest. Reporter's Notes, V.R.C.P. 8(a) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)); In re Unified Buddhist Church, Inc., Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct. May 11, 2007) (Wright, J.) (holding that parties are entitled to a statement of questions that "is not vague or ambiguous, but is sufficiently definite so that they are able to know what issues to prepare for trial").

### I.     Questions 1, 2, and 5

In Questions 1 and 2, PVF includes a timeframe limitation that restricts review of whether PVF satisfies the definition of a Medium Farm "at the time of filing the [NOIC]." PVF SoQ at 1. Question 5 limits review to manure spreading practices "prior to December 22, 2017." Id. AAFM argues that Questions 1, 2, and 5 should be revised to exclude this language because inclusion of the delineated timeframes would limit this Court's review in a manner inconsistent with the *de novo* standard of appeal. AAFM contends that *de novo* review allows this Court to review facts to date relevant to the ultimate issue on appeal. PVF asserts that the Court, in "standing in the

place of the decision maker below," should consider only the facts that were presented at the time of the application. PVF's Reply in Opposition to Appellee's Motion to Clarify Statement of Questions, filed on Oct. 28, 2019, at 3 (quoting Stowe Highlands PRD, No. 184-8-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. Nov. 2, 2006).

As this appeal is taken *de novo*, pursuant to 6 V.S.A. § 4855, this Court is tasked with conducting our own review of the evidence presented and rendering our decision on the appealed application "as though no action whatever has been held prior thereto." In re Poole, 136 Vt. 242, 245 (1978); see also Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989); V.R.E.C.P. 5(g) (stating that appeals under Rule 5 "shall be trial *de novo*"); In re Preseault, 130 Vt. 343, 348 (1972). A *de novo* proceeding is one in which "all the evidence is heard anew[] and the probative effect thereof determined" as though no decision had been previously rendered. In re Preseault, 130 Vt. at 348–349 (1972) (citing In re Automobile Liability Insurance Rates, 128 Vt. 73, 77 (1969) (stating that the appellate body must consider "the fact-finding significance of a *de novo* proceeding"); see also In re Poole, 136 Vt. at 245. This process involves taking in new evidence.[3] Devonwood Investors, LLC 75 Cherry Street, No. 39-5-17 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. May 22, 2017) (Walsh, J.) (citing In re Highlands Development Co., LLC and JAM Golf, LLC, No. 194-10-03 Vtec, slip op. at 11 n.10 (Vt. Super. Ct. Envtl. Div. Sep. 21, 2010) (Wright, J.).

Here, PVF is appealing an AAFM determination, which allows *de novo* review by the Environmental Division and is statutorily limited in its scope to "whether the medium farm complies with the terms and conditions of the general permit." 6 V.S.A. § 4861. In addition, appeals from AAFM decisions require a trial *de novo* such that "all questions of law or fact as to which review is available shall be tried to the Court . . . ." V.R.E.C.P. 5(g). Therefore, AAFM is correct in noting that this Court may consider all facts to date when assessing whether the Lumbra Farm NOIC is in compliance with the 2018 MFO GP. In further consideration of the purpose of a *de novo* trial, this Court is generally tasked with the interpretation of a party's future course of operations based upon their respective representations prior to development. In this particular case, PVF's already-completed actions in expansion and operation of the farm lend perspective on this very issue. For these reasons, we **GRANT** AAFM's motion to clarify with respect to the timeframe limitations in Questions 1, 2 and 5.[4]

## II. Question 4

Question 4 concerns whether Lumbra Farm requires a permit "even though it does not have a barn that is designed to house more than 699 mature dairy animals, 300-999 cattle or

---

[3] In conducting trial *de novo*, this Court has noted that it applies the "substantive standards that were applicable before the tribunal appealed from" to "reach[] an independent decision on the merits" as raised by the Statement of Questions. In re Highlands Development Co., LLC and JAM Golf, LLC, No. 194-10-03 Vtec, slip op. at 11 n.10 (Vt. Super. Ct. Envtl. Div. Sep. 21, 2010) (Wright, J.); see V.R.E.C.P. 5(g); see State v. Madison, 163 Vt. 360, 370 (1995) (citing Asevedo v. Anchorage School Dist., 843 P.2d 1209, 1209 (Alaska 1992) (stating that the most common meaning of the term "de novo trial" contemplates new evidentiary hearing and original fact-finding). As V.R.E.C.P. 5(g) requires trial de novo in contrast to review de novo, this Court must undergo an evidentiary hearing that contemplates the production of new evidence. State v. Madison, 163 Vt. 360, 369 (1995) (citing Chioffi v. Winooski Zoning Board, 151 Vt. 9, 11 n. 2 (1989)).

[4] This decision serves to strike the timeframe limitation language from Questions 1, 2, and 5. As a result, the phrases "prior to December 22, 20178" in Question 5 and "at the time of filing the Notice of Intent to Comply" in Questions 1 and 2 in PVF's Statement of Questions are to be omitted.

cow/calf pairs pursuant to 6 V.S.A. § 4851." PVF SoQ at 1. AAFM argues that PVF's statement that it "does not have a barn designed to house" such numbers of animals is an issue on appeal and therefore, the faming of this Question necessarily implies this issue in PVF's favor. AAFM suggests modification of the Question to "if it does not have a barn designed to house" in an effort to clarify that the interpretation of "designed to house" remains unresolved.

Generally, an appellant's statement of questions serves the dual purposes of establishing the scope of an appeal and providing notice to the other parties, and this Court, of what issues are to be addressed during the litigation. See Reporter's Notes, V.R.E.C.P. 5(f); In re Joyce, 2018 VT 90, ¶ 15, 208 Vt. 226; In re Musty Permit, No. 174-10-10 Vtec, slip op. at 2 (Vt. Envtl. Ct. July 28, 2011) (Durkin, J.); Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 4 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.). A statement of questions may provide additional legal argument.[5] In re Musty Permit, No. 174-10-10 Vtec slip op. at 2 (Vt. Envtl. Ct. Mar. 9, 2011) (Durkin, J.). In addition, the Vermont Supreme Court has noted that a statement of questions has a "limited function" and "serves to focus, but cannot limit, the issues for the court."[6] In re Estates of Allen, 2011 VT 95, ¶ 8, 190 Vt. 301, 30 A.3d 662 (quotation omitted).

This Court dismissed without prejudice issues from the 2018 Appeal, allowing them to be addressed in the present appeal. See Rheaume v. Maguire, No. 2012-040, 2012 WL 5974998, at *2 (Vt. Sept. 26, 2012) (holding that a dismissal without prejudice does not constitute an adjudication on the merits); Littlefield v. Town of Colchester, 150 Vt. 249, 251 (1988). In the 2018 Appeal, this Court recognized the interpretation of the term "designed to house" as appropriate for a *de novo* proceeding and noted that the issue remained unresolved.[7] Pleasant Valley Farms MFO, No. 26-3-2-18 Vtec slip op. at 2–5 (Vt. Super. Ct. Envtl. Div. Feb. 20, 2019) (Durkin, J.). Indeed, Question 3 of PVF's Statement of Questions addresses this very issue. PVF SoQ at 1. As such, both parties and the Court have received sufficient notice that the interpretation of the term "designed to house" remains unresolved. Given the unresolved nature of this issue, PVF's phrasing of Question 4 is unclear. While it does not necessarily foreclose discussion concerning the interpretation of the term "designed to house," it assumes Lumbra Farm "does not have a barn that is designed to house." However, if this particular phrase is slightly adjusted as AAFM suggests to "if it does not have," the inconsistency with Question 3 is remedied. We therefore

---

[5] AAFM asserts that appellants may not "advance" legal arguments within their Statement of Questions. To clarify this Court's holding in In re Musty Permit, while a statement of questions' primary purpose is not to advance legal argument, an appellant may accompany their statement of questions with legal argument, pursuant to V.R.E.C.P. 5(h). See also In re Musty Permit, No. 174-10-10 Vtec slip op. at 2 (Vt. Envtl. Ct. Mar. 9, 2011) (Durkin, J.).

[6] Indeed, the Court may consider issues "that constitute 'a logical corollary' to the issues presented in the statement of questions even if those issues are not explicitly stated in the statement of questions." In re Joyce, 2018 VT 90, ¶ 16 (citing In re Estates of Allen, 2011 VT 95, ¶9–11 (affirming trial court decision requiring a party to prove an underlying claim where the claim was "clearly relevant to the case" even though claim was not raised in statement of questions); see also In re Doran, 2010 VT 13, ¶ 13, 187 Vt. 349.

[7] In the 2018 Appeal, PVF's Statement of Questions addressed the interpretation of the term "designed to house." This Court modified and approved PVF's Questions 8 and 9 concerning whether "designed to house" (1) may be interpreted to depict overall size or number of animals housed, and (2) may be interpreted to consider the layout, design, intent, use, and number of animals housed in the structure "and if the layout, design, intended, and actual use of the structure, and intended and actual number of animals housed at the Lumbra Farm fall within the Medium Farm definition pursuant to 6 V.S.A § 4857(2) [if] the Lumbra Farm [may] be considered a Medium Farm."

direct PVF accept the modification to Question 4.  We **GRANT** AAFM's motion to clarify with respect to Question 4.

### III.     Question 2

Question 2 of PVF's Statement of Questions addresses whether PVF "satisfied the definition of Medium Farm Pleasant Valley pursuant to Subchapter I of the Rules."  PVF SoQ at 1. AAFM contends this is a rule reference error that should read "pursuant to Subchapter III of the Rules." AAFM's Motion to Clarify Statement of Questions, filed Oct. 18, 2019, at 3.  PVF made no argument contesting this correction in their reply to the AAFM's motion for clarification.  The Court recognizes the rule reference error and the minor typographical error restating "Pleasant Valley" within Question 2.  As such, we direct that PVF accept the following re-wording of its Question:

2.  Whether Pleasant Valley satisfied the definition of a Medium farm pursuant to Subchapter III of the Rules.

In its pending motion, AAFM does not specifically challenge Question 3 in PVF's SoQ.  This Question appears to be phrased in a manner to present legal issues that may be presented in a *de novo* appeal and is therefore properly before the Court.

For all these reasons, AAFM's motion to clarify PVF's Statement of Questions is **GRANTED**. The Questions remaining for our review at trial shall include the Questions 1, 2, 4 and 5 as modified above and Question 3.

The Court Operations Manager shall set this matter for a pre-trial status conference, so that the matter may be set for trial.

**So Ordered.**

Electronically signed on January 31, 2020 at Newfane, VT pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Joan W. D. Donahue (ERN 4857), Attorney for Appellant Pleasant Valley Farms, LLC

Ebenezer Punderson (ERN 3701), Co-Counsel for Pleasant Valley Farms, LLC

Claudine C. Safar (ERN 3985), Co-Counsel for Pleasant Valley Farms, LLC

Melanie Kehne (ERN 2561), Attorney for the Vermont Agency of Agriculture

Thea J. Schwartz (ERN 3342), Co-Counsel for the Vermont Agency of Agriculture

Christian S. Chorba (ERN 9179), Co-Counsel for Pleasant Valley Farms, LLC

Ryan P. Kane (ERN 6705), Co-Counsel for the Vermont Agency of Agriculture